Indictment for murder. Before Judge HARRIS. Meriwether superior court. August term, 1894.

MCLAUGHLIN & JONES, for plaintiff in error.

J. M. TERRELL, attorney-general, and T. A. ATKINSON, solicitor-general, *contra.*

STRONG *v.* THE STATE.

LUMPKIN, J.—There being no doubt at all that the deceased was murdered, and the only issue at the trial being whether or not the accused was the person who committed the crime, and there being ample evidence to authorize the jury in finding that he was the murderer, a new trial will not be granted on account of slight inaccuracies or errors in the charge of the court, it appearing that, if there were any at all, they were immaterial and could not have affected the result. No cause for a new trial appears.

February 5, 1895. *Judgment affirmed.*

Indictment for murder. Before Judge SMITH. Pulaski superior court. November term, 1894.

MORCOCK & WARREN and HARDEMAN, DAVIS & TURNER, for plaintiff in error. J. M. TERRELL, attorney-general, and TOM EASON, solicitor-general, *contra.*

JOHNSON *v.* THE STATE.

SIMMONS, C. J.—1. The grounds of the motion for a new trial, so far as they relate to the overruling of the motion for a continuance, not being approved by the judge otherwise than by reference to a stenographic report of the evidence introduced in support of the motion to continue, are not verified in such manner as to require consideration by this court. Even if they had been properly verified, it would not appear that the court erred in refusing a continuance; the absence of the alleged leading counsel of the accused not being sufficiently accounted for; and it not being in the least probable that he would ever be able to procure the attendance of the absent witness, who resided in Rhode Island, and on account of whose absence the case had been continued at the preceding term.

2. The ground of the motion assigning error upon the charge of the