THE STATE v. McDEVITT

1. **Instructions**: REPETITION NOT REQUIRED. It is not error to refuse an instruction asked when the substance of it is contained in an instruction given.

2. ————: NOT WARRANTED BY EVIDENCE. An instruction which submits to the jury a fact of which there is no evidence should not be given.

3. **Assault with Intent to Rape**: INVITING ASSAULT: EVIDENCE. The fact that the prosecutrix for an assault with intent to commit rape was walking slowly along the road while her female companions were stopping by the wayside to gather plums, and that, when the defendant approached, with private parts exposed, and made his infamous proposition to her. She did not scream nor run, *held* to have no tendency to prove that she was willing that he should lay his hands upon her.

4. **Evidence**: FALSE IN ONE THING, FALSE IN ALL: WHEN RULE NOT APPLICABLE. The rule that when a witness has knowingly and intentionally testified falsely in one point, all of his testimony may be discredited, does not apply when there is only a slight discrepancy between his testimony and that of other witnesses in some unimportant particulars, disclosing only a little difference of observation or memory, or both,

5. **Assault with Intent to Rape**: BATTERY NOT NECESSARY. The offense of assault and battery is not necessarily included in that of assault with intent to commit rape, as, for example, where there is mere pursuit with intent to commit rape.

6. **Instruction**: TOO FAVORABLE TO APPELLANT. An instruction which is too favorable to the appellant is no ground of complaint on his part.

7. **Practice**: DISAGREEMENT OF JURY: CONFLICT OF EVIDENCE: INSTRUCTION. Where the jury, having failed to agree, was called into court, and it was found that they had seized upon an insignificant conflict in the testimony as a reason for disagreeing, (see opinion for the nature of the conflict,) *held* that it was not error for the court then to further instruct them as follows: "The fact that witnesses disagree in minor points in their recollection and recital of transactions does not necessarily militate against the candor of any of them. It may only indicate a failure of observation or recollection. Jurors have not the right to captiously or unreasonably disregard the testimony of witnesses; but, unless there is something which indicates a lack of candor or truthfulness on the part of the witness, the testimony of all the witnesses should receive proper and candid consideration by the jury, in an honest discharge of their sworn duties."

8. **Criminal Law**: FLIGHT OF DEFENDANT: EVIDENCE TO EXPLAIN. Where evidence, had been given tending to show that defendant, after his arrest, fled and forfeited his bail, *held* that the court properly excluded evidence of threats to lynch defendant, where there was nothing to show that the flight was soon enough after his knowledge of the threats to indicate that he fled on that account.

9. **Assault with Intent to Rape**: EVIDENCE: OFFER TO COMPROMISE. Evidence offered to show that the prosecutrix and her father had proposed to defendant to dismiss the prosecution for an assault with intent to rape, provided he would pay $100, *held* properly excluded, where there was nothing to indicate that the ·charge had been wrongfully made for the purpose of extortion.

10. ———: MEASURE OF PUNISHMENT. Four years in the penitentiary *held* not excessive punishment for an assault with intent to commit rape, where there was no mitigating circumstance.

*Appeal from Cerro Gordo District Court.*

THURSDAY, OCTOBER 14.

THE defendant was indicted for the crime of an assault with an attempt to commit rape. The jury returned a verdict of guilty, and judgment was rendered upon the verdict. The defendant appeals.·

*Blythe & Markley*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ADAMS, CH. J.—The evidence shows beyond controversy that the prosecutrix, Chloe Rhodes, while traveling along the highway, in company with her sister and another girl, was approached by the defendant, a stranger to all of them, and was asked by him to be allowed to have sexual intercourse with her; that she promptly refused him; and that thereupon he assaulted her, threw her down in the road, and attempted to accomplish his purpose, and desisted only when the other girls approached, and the prosecutrix's resistance was such as to render it evident that his efforts would be ineffectual.

The defendant asked an instruction in these words: "If the defendant assaulted the prosecutrix with an intent to have carnal knowledge of her, provided he might compass his design finally by gaining her consent, and struggled, and afterwards desisted because she would not consent, the defendant would not be guilty of the crime charged against him." The court refused this instruction, and the defendant complains of the refusal. In our opinion, the instruction refused was substantially covered by the sixth instruction given, which is in these words: "In this case it must be shown by the evidence not only that the defendant committed an assault on the female, Chloe Rhodes, but that he did so with the intent to compel her, by force and against her will, to have sexual intercourse with him, notwithstanding any resistance which she might make."

*1. INSTRUCTIONS: repetition not required.*

The defendant asked an instruction in these words: "If you find from the evidence that the prosecutrix, at the time of the alleged assault, by her conduct or manner, invited, rather than repelled, the advances and acts, if any, of the defendant, and if you find that by her acts and conduct she led the defendant to suppose that she was willing that he should take hold of her, then such act of the defendant would not amount to an assault." The court refused this instruction, and the defendant complains of the refusal.

*2. ——: not warranted by evidence.*

Without stopping to inquire in regard to the correctness of the instruction, it is sufficient to say that we fail to find a particle of evidence tending to show that the prosecutrix's acts were calculated to invite the defendant's advances, or that she was willing that he should touch her person. The defendant relies upon evidence showing that the prosecutrix was walking slowly along the road. But the fact is that the other girls had stopped by the way to pick plums and crab-apples, and the prosecutrix did not wish to part from their company, and yet she did not wish to stop. Besides, if she had walked slowly without any reason for so

*3. ASSAULT with intent to rape: inviting assault. evidence.*

doing, that is, had loitered by the way, there would have been nothing in her act which should have afforded the defendant the slightest encouragement to approach her with libidinous intentions, or to lay his hand upon her person.

The defendant relies · upon evidence tending to show that he approached her with his pantaloons torn, and his private parts exposed, and that she talked to him, and did not scream nor run. But the only talk between them, so far as the evidence shows, consisted of his infamous proposition and her prompt refusal. That she neither screamed nor ran is no evidence against her. She had to protect herself and her young companions, and this she might well have thought that she could do best by maintaining her ground, and not by separating herself, and expending her strength in flight. If the defendant took encouragement from such fact, he must have been utterly destitute of any proper conception of female virtue.

The defendant asked an instruction in these words: "If you believe that any witness examined in this case has know-
4. EVIDENCE : ingly and intentionally testified falsely to any
false in one material matter, all of such witness' testimony
thing, false
in all : when may be disregarded by you." The court refused
rule not ap-
plicable. this instruction, and the defendant complains of
the refusal. He contends that the prosecutrix knowingly testified falsely to material matters, and that the jury would have been justified in disregarding all her testimony; but we do not think this is so. We have examined her testimony with great care, and we have to say that it appears to us entirely credible. There is, to be sure, a slight' discrepancy between her testimony and that of the others in some unimportant particulars, but it only discloses a little difference of observation or memory, or both, and does not tend in any degree to impeach her honesty. We think that there was no occasion to give the instruction, and that it would have been wrong to do so.

The defendant insists that the court should have instructed

the jury that they might find the defendant guilty of an assault and battery. But that offense is not necessarily included in the offense charged. There might be an assault with intent to commit rape without an assault and battery. This would be so where there was mere pursuit with intent to commit rape. The court instructed the jury, in substance, that, if they found an assault without an intention to commit rape, they might convict simply of an assault. Under this instruction we do not think the defendant can properly complain. Besides, the court defined an assault, and included therein what is generally defined as an assault and battery.

5. ASSAULT with intent to rape: battery not necessary.

6. INSTRUCTION: too favorable to appellant.

The jury, having been out about six hours, and having failed to agree, were called into court, and reported that they differed upon a question of fact as to whether the girls, after they left the defendant, and proceeded on their way to their destination, which was the town of Plymouth, met one Allen, a neighbor, going to Plymouth, or saw him when they were returning. The prosecutrix had testified that they met him on their way to Plymouth, and one of the other girls had testified that they saw him when they were returning. The conflict in the evidence, if it could be called such, was seized upon by the jury as a reason for disagreeing as to the defendant's guilt. But whether the girls were outward or homeward bound when they saw Allen was not a question of any importance, nor is it claimed that it was. What the defendant's counsel attach importance to is the conflict. They had doubtless magnified this conflict before the jury. They assume, even in this court, that the jury might have found that the prosecutrix told a lie about it; and, if they so found, that they would have been justified in disbelieving her generally. The court, having called in the jury, and ascertained that they were disagreeing over such an insignificant matter, gave them an instruction which is as follows: "The fact that witnesses disagree in minor points in their recollection and

7. PRACTICE: disagreement of jury: conflict of evidence: instruction.

recital of transactions does not necessarily militate against the candor of any of them. It may only indicate a failure of observation or recollection. Jurors have not the right to captiously or unreasonably disregard the testimony of witnesses; but, unless there appears something which indicates a lack of candor or truthfulness on the part of the witness, the testimony of all the witnesses should receive proper and candid consideration by the jury, in an honest discharge of their sworn duties." The defendant complains of the giving of this instruction. It seems rather probable to us that it was when the girls were returning that they saw Allen, and that the prosecutrix was mistaken when she testified that it was when they were going out. But the girl must have been suffering considerably from agitation of mind at that time. That her memory should have become confused about it, at least for the instant when asked about it upon the stand, is not strange. She had, so far as we can see, no conceivable motive for representing the fact otherwise than it was. We think that the instruction was called for, and that it was unobjectionable in every respect.

We ought, perhaps, in this connection, to say that the defendant's counsel insist in argument that it was very material whether the girl met Allen or not. The point which they make is that Allen was an old neighbor, and the prosecutrix did not disclose to him the fact that she had just before been assaulted. But the defendant has the full advantage of that fact. It is undisputed that the girls saw Allen going or returning, and it it equally undisputed that the prosecutrix spoke to him, and learned from him the defendant's name, but reserved the disclosure of the fact of the assault, as a girl of delicate feelings might be expected to do, until she saw her parents. All this is mixed in the counsel's argument against the instruction, but it is manifest that there is no logical connection.

The court allowed evidence that the defendant, after his arrest, ran away and forfeited his bail. To rebut the effect

**8. CRIMINAL LAW: flight of defendant: evidence to explain.** of the evidence he offered to show that threats were made of lynching him, and that the fact of the threats was communicated to him. The court excluded the offered evidence of the threats and communication because there was no offer to show that the flight was soon enough after the threats and communication to afford any indication that he was scared by the threats into flight. We think that the court did not err.

The defendant offered to show that the prosecutrix and her father offered, after the defendant's arrest, to withdraw the charge if he would pay a hundred dollars. The **9. ASSAULT with intent to rape: evidence: offer to compromise.** court refused to admit the evidence, and the defendant complains of the refusal. This evidence must have been offered upon the theory that, if admitted, it would have affected the credibility of the prosecutrix. If we could see any ground for supposing that the charge had been wrongly made as a ground for extorting money, we might think that the evidence should have been admitted, but we see nothing indicating that it was made for such purpose, and we think that the court rightly excluded the evidence.

It is insisted that the verdict is not supported by the evidence, but we do not see how the jury could properly have reached any other conclusion.

The defendant was sentenced to imprisonment for four years. He insists that the punishment is excessive. But, **10. ——: measure of punishment.** in our opinion, he should deem himself fortunate in escaping with so light a punishment. He assaulted a girl who was a stranger to him while prudently walking along a public road, and we are unable to discover a single mitigating circumstance.

AFFIRMED.