## THE STATE v. McAVOY.

1. **Assault with Intent to Rape:** WHEN ASSAULT AND BATTERY INCLUDED. The crime of assault and battery is not necessarily included in an assault with an intent to commit rape; and to justify a conviction of assault and battery on an indictment charging an assault with intent to commit rape, it must be averred in the indictment that the attempt was accompanied with some actual violence to the person of the woman; and the indictment in this case (set out in the opinion) contained no such averment.

| | |
|---|---|
| 73 | 557 |
| d95 | 569 |
| 73 | 557 |
| f109 | 79 |
| d109 | 122 |
| 73 | 557 |
| 124 | 432 |
| e124 | 433 |
| 73 | 557 |
| f133 | 40 |

*Appeal from Appanoose District Court.*

MONDAY, DECEMBER 19.

THE defendant was accused of the crime of assault with intent to commit a rape. The jury found him guilty of assault and battery, and the court pronounced judgment against him on the verdict. He appeals.

*McNett & Tisdale,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

REED, J.—That part of the indictment which charges the offense is as follows: "The said L. C. McAvoy, on the 14th day of September, in the year of our Lord one thousand eight hundred and eighty-five, in the county aforesaid, did then and there feloniously, willfully, by force and violence, make an assault on one Martha I. Jarvis, a female, with intent then and there to have carnal knowledge of, and sexual intercourse with, the said Martha I. Jarvis by force, and used violence against the will of the said Martha I. Jarvis." The district court directed the jury that the evidence was not sufficient to warrant them in convicting the defendant of assault with intent to commit rape; but that, under the indictment, he might be found guilty of assault and battery. It is provided by statute (Code, § 4466) that the defendant in a criminal case may be convicted of any offense, the commission of which is necessarily included in that with which he is charged in the indictment. It was held by this court in *State v. Graham*, 52 Iowa, 720, that, while assault and battery is not necessarily included in the crime of assault with intent to commit murder, still, as it was charged in the indictment that the assault was accompanied with actual violence to the person of the one assaulted, the defendant was properly convicted of assault and battery. But the defendant can be convicted of an offense distinct from the one specifically charged in the indictment only when such offense is an essential element of that charged, or when it is shown by proper averment in the indictment that a minor offense was in fact included in the perpetration of the one charged. The crime of assault and battery is not necessarily included in an assault with intent to commit rape; for that offense might be committed without doing any actual violence to the person of the one assailed, although in the majority of cases, perhaps, an actual battery is involved in the commission of the offense. To justify a conviction of assault and battery, then, on an indictment charging assault with intent to commit rape, it must be averred in the indict-

ment that the attempt was accompanied by some actual violence to the person of the woman. The present indictment does not contain such averment, and the direction of the court that defendant might be found guilty of assault and battery is erroneous.

REVERSED.