STATE OF IOWA, Appellee, v. GEORGE W. SNIDER, Appellant.

119  15
118  566
119  15
121  519
119  15
125  496
126  21

119  15
143  231

**Assault With Intent to Commit Rape:**    INTRODUCTION OF EVIDENCE
1    NOT BEFORE GRAND JURY:    CONTINUANCE.    Where the prosecuting attorney gives notice of the production on the trial of witnesses who were not before the grand jury, and the required time intervenes between the giving of notice and commencement of the trial, the fact that, apprehending insufficient time, application is made to the court for leave to introduce such evidence, will not entitle the defendant to a continuance under Code, section 5373.

**Complaint of Prosecutrix:**    CREDIBILITY OF:    JURY QUESTION:    EVI-
2    DENCE.    Evidence of the statements and condition of the prosecutrix made and ascertained as soon as possible after the alleged assault, is admissible, and the incredibility of the statements arising from delay are questions of fact for the jury.

**Corroborating Testimony:**    VERDICT:    A verdict fairly supported
3    by evidence corroborating the prosecutrix, where no prejudice or passion of the jury is shown, will not be disturbed.

**Assault and Battery:**    NOT AN INCLUDED OFFENSE.    Where the charge
4    is assault with intent to commit rape, and the evidence shows

defendant either guilty as charged, or guilty of simple assault, it is not error to refuse to instruct the jury that assault and battery is an included offense for which they may convict.

**Misconduct of Prosecuting Attorney:** OBJECTION TO: NEW TRIAL. By Code, section 5484 the county attorney is forbidden to refer during the trial, either directly or indirectly in such manner that the reference is clear, to the fact that the defendant has not testified in his own behalf, and when such reference is made the right to a new trial becomes absolute, even though no objection was made to the misconduct at the time it occurred.

**Same:** The fact that the county attorney referred to certain testimony as uncontradicted, which only the defendant could deny, is not such misconduct as will sustain a motion for a new trial.

**Submission of Crime Charged:** EVIDENCE. Evidence considered and held sufficient to submit to the jury the question of assault with intent to commit rape.

*Appeal from Jefferson District Court.*—HON. ROBERT SLOAN, Judge.

\*WEDNESDAY, OCTOBER 8, 1902.

THE defendant was convicted of an assault with intent to commit rape. From the judgment of the court below, he appeals.—AFFIRMED.

*Leggett & McKemey* and *R. J. Wilson* for appellant.

*C. W. Mullan,* Attorney General, and *C. A. Van Vleck,* Assistant Attorney General, for the State.

BISHOP, J.—The defendant pleaded not guilty to the indictment January 7, 1901, and on his motion the case was continued to the next term of court. At the next term, and on March 25th, the state filed a motion asking that the case be not taken up for trial until March 27th,

---

*This and the two following cases are published out of their chronological order by reason of motions for rehearing.

in order that the evidence of certain witnesses who were not before the grand jury might be introduced. The motion recites that the county attorney did not know of the witnesses named until March 22d, on which date a notice to the effect that the state would produce such witnesses upon the trial had been served upon the defendant. On March 26th this motion was overruled, whereupon an amendment thereto was filed by the state, asking leave, under the provisions of section 5373 of the Code, to introduce the evidence of the witnesses in question upon the trial. This request being granted, the defendant elected to have the case continued, and filed his motion in writing asking a continuance over the term. His motion was overruled, and the case set down for trial beginning April 2d. The refusal of the court to continue the case over the term is assigned as error.

Section 5373 of the Code forbids the introduction of a witness in support of the indictment who was not examined before a committing magistrate or the grand jury, unless a notice in writing, stating the name of such witness and the substance of what it is expected to prove by him, shall have been served upon the defendant at least four days before the commencement of the trial. The same section further provides that: "Whenever the county attorney desires to introduce evidence  *  *  *  of which he shall not have given said four days' notice because of insufficient time therefor since he learned said evidence could be obtained, he may move the court for leave to introduce such evidence, giving the same particulars as in the former case, and showing diligence,  *  *  *  whereupon, if the court sustains said motion, the defendant shall elect whether said cause shall be continued on his motion, or the witness shall then testify."

In this case it appears without question that a notice sufficient in form and substance was served upon the

defendant March 22d. The trial did not commence until

1. INRTRODUC-
TION of evi-
dence not
before grand
jury: con-
tinuance.

April 2d, and the state was then clearly entitled to introduce the witnesses, the right being based upon the notice so served. Such right was not dependent upon, nor affected by, any order of court. The required notice having been served, and the necessary time having elapsed before the commencement of the trial, the right became absolute under the statute. It follows that the right thus given could not be affected by the fact that the county attorney, apprehending that the case might come on for trial before the expiration of the required four days, made application for leave to introduce the witnesses in question, which leave was granted, and a continuance was thereupon demanded by defendant. The defendant had the full time allowed by statute to prepare for trial, even after his request for a continuance was refused, and we think was in no position to complain.

II. According to the testimony of the prosecutrix, the alleged assault occurred about 11 o'clock a. m., while she was at home alone; that, immediately thereafter she went to

2. COMPLAINT
of prosecu-
trix: credi-
bility of: jury
question; evi-
dence.

the home of a nearby neighbor, and reported the occurrence. Her parents had gone to a town some miles away, returning home about 2 o'clock p. m. Over the objection of defendant, they were allowed to testify concerning the physical condition of the prosecutrix upon their return, and in relation to what was said by her during the afternoon concerning the alleged assault. The defendant complains that this was too remote from the time of the alleged assault to be admissible. Clearly, the complaint was made as soon as possible under the circumstances, and we think the evidence was properly admissible. Of course a complaint of the character here in question may be so long delayed as to rob it of credibility to such an extent that a court would be warranted in disregarding it; but as a rule

the inference arising against the truth of a charge of the character in question, from long silence on the part of the female, is not a presumption of law, but a matter of fact for the consideration of the jury. *State v. Cross*, 12 Iowa, 66; *State v. Tarr*, 28 Iowa, 397; *State v. Hagerman*, 47 Iowa, 151.

III.  The defendant complains of the refusal by the court below to give the jury an instruction asked by him, to the effect that there was no evidence corroborating the

*3. CORROBOR-ATING testimony: verdict.* prosecutrix, tending to connect him with the crime charged. In another assignment of error he complains of the refusal of the court to sustain his motion for a new trial, based substantially upon the same ground. We have read the entire record carefully, and, without attempting to embody in this opinion any portion of the evidence, we think it sufficient to say that the evidence of the prosecutrix was so far corroborated as to justify a submission of the case to the jury. In so holding we do not lose sight of the fact that a charge of this character may be easily made by a designing person; nor do we underestimate the importance of scanning all such complaints with great care where the direct evidence of the alleged assault comes from the lips of the prosecutrix alone; and we appreciate the necessity for the rule requiring corroborative evidence in such cases. On the other hand, we recognize that the unreasoning passion of some men leads them to commit such assaults, and, as a rule, seclusion of place and circumstance is selected for the commission thereof. A verdict fairly supported by evidence corroborating that of the prosecutrix, especially where the record fails to disclose passion or prejudice on the part of the jury, ought not, therefore, to be disturbed by an appellate court.

IV.  The defendant requested the court to give the jury an instruction as follows:  "The crime charged in the indictment includes the minor offenses of assault and

battery, and a simple assault. If the jury fail to find the defendant guilty of an assault with intent to commit rape, which is the crime charged in the indictment, they may find him guilty of any said minor offenses, or not guilty, as they find the proof to be." This request was refused. In an instruction given, the court told the jury that, "in case you find the defendant not guilty of the crime of assault with intent to commit a rape, then you will inquire and determine whether or not he is guilty of the crime of assault." An assault is then correctly defined, and the jury is told that if an unlawful assault was committed, but not with the intent to commit rape, a verdict of guilty of a simple assault should be returned. In *State v. McDevitt*, 69 Iowa, 552, a similar question was presented, and in that case we said that the crime of assault and battery was not necessarily included in the charge of an assault with intent to commit rape.

We understand the rule to be that where an unlawful assault is shown, and the evidence is such as to afford room for doubt upon the question of the intent of the person charged therewith,—i. e., to have sexual intercourse, or, on the other hand, to merely inflict physical punishment generally (which would be assault and battery)—then an instruction of the character here asked would be proper. The record before us does not admit of the application of such a rule. This defendant, if liable in any criminal sense, was guilty either of a simple assault or of an assault with intent to commit rape. He might be convicted of a simple assault because that would involve only proof of any unlawful interference with the person of the prosecutrix. If, in addition thereto, the evidence was sufficient to show an intent to ravish by force, then the graver offense of assault with intent to commit rape would be made out. Under no form of construction would the evidence in the record justify a finding

4. ASSAULT and battery: not an an included offense.

that an assault and battery was intended or committed. We conclude that the defendant is in no position to complain because of the refusal to give the jury the instruction asked by him.

V.   As one of the grounds in his motion for new trial, the defendant charged misconduct on the part of the county attorney, in that by "inference he referred to the fact that the defendant had not elected to testify as a witness in his own behalf." No record of the alleged misconduct was made at the time of the argument to the jury, and defendant relies upon a statement with reference thereto, made by the county attorney during the hearing upon the motion for new trial, to the effect that in his argument to the jury he had referred to the fact that there had been no denial by witnesses of a conversation alleged to have taken place at the house of defendant at the time of his arrest; also there was no denial as to the time of day when one of the witnesses had passed the defendant on the highway. The provision of the statute is that the attorney for the state shall not refer to the fact, during the trial, that the defendant has not testified in his own behalf, and, should he do so, the defendant shall be entitled, for that cause alone, to a new trial. Code, section 5484.

The court below, in this case, seemed to be of the opinion that the point could not be entertained on hearing for new trial, unless objection had been made at the time of the alleged misconduct. In this we do not agree. When it appears that a prosecuting attorney has offended in the respect in question, the mischief is done, and the right to a new trial becomes absolute, and such right to a new trial is not affected by a failure to enter objection at the time. He may take advantage of the misconduct by motion for new trial after verdict. What the statute forbids is a reference to the fact that the defendant has not taken the stand as a witness in his own behalf. If this is done

5. MISCONDUCT of prosecuting attorney: objection to new trial.

directly, or even indirectly in such a way that the reference is. equally clear, a new trial must be granted.

But it does not follow that the county attorney may not, in commenting on the evidence in the record, refer to the fact that in certain respects it is not contradicted. And this is true even though it appears that, as to certain alleged occurrences, the defendant is t e only person who could have taken the stand and testified in denial. To hold otherwise would be to forbid any reference in argument to the weight or importance that should be attached to uncontradicted testimony, and practically restrict the county attorney to a discussion of the controverted testimony alone. Surely, such a meaning is not to be attached to the statute. *State v. Seely*, 92 Iowa, 490. We do not think the defendant suffered any prejudice from what was said by the county attorney in this case, especially as the court, at his request gave to the jury an instruction to the effect that his failure to become a witness should have no weight against him.

6. SAME.

VI. At the close of the evidence in chief for the state, and again at the close of all the evidence in the case, the defendant moved the court to rule "that he is now to be tried only upon the charge of an assault, or an assault and battery, and not on the charge of an assault with intent to commit rape; the evidence on the part of the state having failed to show that the alleged assault was made with the intent charged in the indictment." In the motion for new trial, the point was further made that the evidence in the case as a whole did not support the verdict, in that no intent to commit the crime charged in the indictment was shown. The several assignments of error based upon the rulings on such motions can be disposed of together. Now we agree that, to make out the specific offense charged in the indictment, it must appear that the defendant intended to use whatever amount of force was necessary to overcome

7. SUBMISSION of crime charged: evidence.

resistance and accomplish his purpose. *State v. Kendall*, 73 Iowa, 255. But the offense may be complete even though the resistence is not overcome, or the purpose accomplished.

In this case it appears that the prosecutrix was a chaste woman, and had never given defendant any reason to think he could have sexual intercourse with her. There certainly is evidence in the record tending to prove that an assault was committed by defendant, and that his desire, at least, was to have sexual intercourse with the prosecutrix. There is also evidence tending to prove that he made no effort to obtain a consent to his embraces, but proceeded at once to forcibly secure satisfaction of his sexual passion by pushing the prosecutrix down upon the floor and getting upon her body. She resisted his advances, and in the struggle was bruised in several places. He forcibly attempted to tear apart her underclothing, and it would seem, desisted only when it became apparent that her repeated outcries would probably attract the attention of others, and lead to his detection and exposure. He then, as a condition to letting her up, made her promise never to reveal the fact of his assault. This she promised, whereupon he let her go, and went away. We think the evidence was sufficient to warrant a submission of the same to the jury. Taking the facts to be as stated, and such was found by the jury, then, surely there was sufficient to justify the conclusion that the defendant when he made the assault intended to force the prosecutrix to submit to his desire within the meaning of the statute upon which the indictment was based.

We have carefully examined each of the errors assigned, and we reach the conclusion that the judgment was warranted, and it is AFFIRMED.