THE STATE OF IOWA, Appellee, v. H. C. MILLER, Appellant.

**Rape:** EVIDENCE. In a prosecution for an assault with intent to commit rape, the evidence is reviewed and held sufficient to take the case to the jury and to support a conviction.

**Indictment:** ASSAULT AND BATTERY. An indictment sufficient to charge
2 the crime of assault with intent to commit rape, will not justify
a conviction for assault and battery, where it fails to charge any
actual physical violence or injury constituting a battery.

**Instructions:** HARMLESS ERROR. Where the defendant was convicted
3 of the crime charged, a reversal will not be ordered solely because
of an erroneous instruction authorizing a conviction for a lesser
offense which was not charged in the indictment.

**Intent.** When there is a conflict in the evidence as to defendant's
4 intent to ravish the prosecutrix against her will, it is for the jury
to determine the truth of the matter.

**Sentence.** On a conviction for assault with intent to commit rape, a
5 sentence of eight years under the record is held excessive.

*Appeal from Cerro Gordo District Court.*— Hon. C. H.
Kelley, Judge.

TUESDAY, JULY 12, 1904.

CONVICTION of assault with intent to commit rape. The
defendant appeals.— *Affirmed.*

*Blythe, Markley & Rule* and *Cliggitt, Rule & Keeler,*
for appellant.

*C. W. Mullan,* Attorney General, and *L. De Graff,* Assistant Attorney General, for the State.

WEAVER, J.— In most respects the facts attending the
alleged assault committed are not disputed. The appellant
was a carrier in the rural mail service in the vicinity of Clear
Lake, Iowa, and the prosecuting witness, a young
1. EVIDENCE. lady twenty-two years of age, was teaching school
in a neighborhood upon or near the mail route. The acquaintance between the parties was slight, but on one prior
occasion the prosecuting witness had ridden to town in the
mail wagon with appellant. On June 19, 1903, the prosecuting witness again entered the wagon for the purpose of
riding to Clear Lake. The vehicle was a covered one, and

soon after the lady got in the appellant closed the door, giving as an excuse for the act that it was beginning to rain. Before reaching town appellant stopped the team and solicited sexual intercourse with his passenger. She refused, and, as she sought to withdraw from him, he threw his arm around her and drew her upon his lap. In the struggle she succeeded in pulling one of the sliding doors of the wagon partly open, and put her foot in the opening to prevent his closing it again, when he grasped her leg or ankle, pulling it back, and again closed the door. It is unnecessary for us to state in all its details the story of the affair, except to say that in spite of continued resistance of the prosecuting witness the appellant continued his solicitations and vigorous efforts to overcome her opposition, putting his hands upon her person, forcing her back against the seat cushion, which he had pulled around to facilitate his purpose, and in this position threw the weight of his own person upon that of the witness. At this stage of the contest the prosecuting witness screamed. Appellant did not at once desist from his attempt, but after repeated and unsuccessful efforts to accomplish connection he released his victim. The clothing of the witness was much disarranged, and her umbrella, comb, and pocketbook were scattered on the floor of the wagon. At her request the appellant helped her to recover the articles mentioned. His whip had fallen in the road, and while he went back for it the witness remained in the wagon. When the appellant stopped the wagon again to deliver mail at the home of a Mrs. Hoffman, where the witness was acquainted, she left him and entered the house. After arranging her toilet, she explained to Mrs. Hoffman that she had left the mail wagon because the driver had been " too familiar." She then walked to town, where, after meeting several acquaintances, to whom she did not mention the assault upon her, she went to the home of an aunt, to whom she told the story of the occurrence in its entirety.

It is an unusual and remarkable instance in this class

of cases that the story told by appellant as a witness in his
own behalf coincides in almost every detail with the testimony
given by the woman whom he confessedly assaulted. He
insists, however, that he had no intention of debauching the
witness by force and against her will, and that all his demon-
strations were employed and made use of with the hope and
for the purpose of inducing her to yield her consent to his
desire, and that, when he found she was determined in her
refusal, he voluntarily abandoned the effort. As will readily
be seen, the assault upon the prosecuting witness and the
intent to have intercourse with her being thus conceded, the
vital and controlling question in the case is whether the ap-
pellant in making said assault intended to accomplish the
desired intercourse by force, notwithstanding any and all
resistance the witness might make. We have not stated all
the facts in the case, some of which go to strengthen the theory
of the State that the assault was made with felonious intent,
while others corroborate appellant's claim that he did not
intend to force the intercourse against the woman's will; but
enough has been disclosed to make it very clear that the
question was one for the jury. The verdict returned must
therefore be held conclusive of the appellant's guilt, unless
some error to his prejudice be found in the record of the trial.

I.  The indictment, after properly laying the venue,
simply alleges that the appellant on the date named " did un-
lawfully, willfully, feloniously, and with force and violence
make an assault upon one Ora Pierce, a female,
with intent then and there, her, the said Ora
Pierce, willfully, unlawfully, and feloniously to
ravish and carnally know by force and against her will." As
will be noticed the allegations here made distinctly charge an
assault, but do not charge any actual physical violence or in-
jury constituting a battery. Under an indictment in this
form this court has held that the accused cannot be convicted
of assault and battery. *State v. McAvoy*, 73 Iowa, 557.
The crime of assault and battery is not an essential element

**2. INDICTMENT: assault and battery.**

of assault with intent to commit rape; for the latter offense may be committed without actual violence to or contact with the person assaulted, and upon trial for assault with intent to commit rape the accused can be convicted of assault and battery only where the indictment, in addition to the charge of assault, sets forth facts amounting to a battery. *State v. Hutchinson,* 95 Iowa, 569.

In the case before us, while the evidence shows beyond question that an assault and battery was committed, the indictment does not so charge, and under the accusation as there

**3. INSTRUCTIONS:** made the appellant could properly be convicted
harmless error. of no crime other than, (1) assault with intent to commit rape, or (2) simple assault. The court instructed the jury, however, that the offense of assault and battery was included in the indictment, and if they failed to find the appellant guilty of the higher charge, but found that he did unlawfully " commit physical violence or restraint upon Ora Pierce, or injured or touched her person without her consent and without legal excuse," then he should be convicted of assault and battery. Under the law of the cases above cited, the giving of this instruction was error, and we have next to consider whether it requires a reversal of the judgment appealed from. In the *McAvoy Case* the accused was acquitted of the assault with intent to commit rape, but convicted of assault and battery, and, as the latter offense was not in fact included in the indictment, the instruction permitting such conviction was clearly prejudicial and necessitated a reversal. The only case to which our attention is called involving an error of this kind, where a conviction has been had upon the principal offense, is *State v. Desmond,* 109 Iowa, 72. The defendant was there convicted of assault with intent to commit rape. The indictment, like the one we are now considering, did not allege any actual violence to the person of the prosecuting witness, and an instruction to the jury that defendant might be found guilty of assault and battery was held error. But in that case the court found the

record to contain several other errors, some of them of quite serious nature, and in reversing the conviction of the accused said: "We conclude that, although some of the errors pointed out may not have been prejudicial, others may have been, and it follows that the judgment must be, and it is, reversed." The precedent afforded by the cited case seems, therefore, not to be decisive of our present inquiry.

If it be admitted that, as a general rule, an error appearing in the record is presumed to have been prejudicial — a proposition upon which there is a lack of harmony in the authorities (*Fulmer v. Fulmer*, 22 Iowa, 230; *Loughran v. R. R.*, 107 Iowa, 639)— it is at least equally well settled that if, from the entire record, it clearly appears that the error was harmless, it will not work a reversal. *Strong v. State*, 95 Ga. 499 (22 S. E. Rep. 299); *Done v. People*, 5 Parker, Cr. R. 364; *Boyd v. State*, 17 Ga. 194; *Harris v. State*, 30 Ind. 131; *People v. Scott*, 6 Mich. 287; *State v. Gut*, 13 Minn. 341 (Gil. 315). See, also, cases cited in vol. 3, Cyc. 383 *et seq.* After considerable reflection we conclude that the error of which the appellant complains falls within the rule of the authorities above cited, and was without prejudice to the defense. Had the appellant been convicted of a simple assault, or of assault and battery, we can well conceive that the inclusion of the latter offense in the court's charge may have been prejudicial; but the fact that he was found guilty of the principal charge shows conclusively that the jury never reached the point where it became necessary for them to consider the effect of the erroneous statement of the law concerning included offenses. Instead of being prejudicial, the effect of the submission to the jury of included or lesser grades of offense is ordinarily of distinct benefit to the person on trial, so far, at least, as his liability to conviction upon the principal charge is concerned; for, if there be any lingering doubt in the minds of the jurors as to the real merits of the case against him, the inclusion of several minor offenses in the principal offense charged against him affords an opportunity

for a compromise or scaling down of the degree of the crime of which he is found guilty, an opportunity which common observation shows is very often utilized in favor of the accused.

The result in this case indicates with clearness that upon the central question of the intent with which the appellant committed the assault the jury found against him, and, such being the case, it became their duty to find him guilty as charged. Under the law and the terms of the instructions the jury was not at liberty to consider the question of appellant's guilt or innocence of assault and battery until it was first determined that he ought not to be convicted of assault with intent to commit rape, and, having found him guilty of the greater offense, the erroneous inclusion of a minor offense in the court's charge was without prejudice. If this precise question has ever been passed upon by this court, the precedent has not been called to our attention; but we find the principle here applied has been approved by the Supreme Court of Illinois (*Long v. People,* 102 Ill. 331), where it was held that, the defendant having been convicted of the principal offense charged in the indictment, an erroneous instruction that under certain circumstances the defendant might be convicted of a lesser offense was held not to be a ground of reversal. The doctrine is a reasonable one, and serves neither to add weight to the case made against the accused, nor to handicap his defense against the charge upon which he was convicted.

II. Other objections to the instructions given by the court go, not so much to the abstract propositions of law laid down, as to the failure of the court to speak more in detail of the facts and of the bearing of particular items of the testimony. We think, however, that many of the points complained of were fairly covered by the charge as given, and that in other respects the court could not have given the instructions requested by counsel without trespassing upon the domain of the jury. Nothing is to be gained by going in

specific detail over all the instructions given and refused. We find no error in the matters complained of.

III.    It is argued with earnestness and ability that the verdict is not sustained by the evidence. We have already incidentally expressed our view to the contrary. It is to be conceded that there is considerable evi-

**4. INTENT.**

dence which gives color to appellant's claim as to the nature of his intentions. The prosecuting witness herself, while resenting and resisting his inexcusable assault, does not seem entirely convinced that he intended to carry his exercise of force to the last extremity in case she persisted in repelling his advances; but the truth of the matter was for the jury. He did assault her. He did lay hold of her forcibly and violently, and against her protest and resistance, for the purpose of obtaining intercourse with her; and whether he intended to overcome and ravish her in spite of her utmost attempts to repel the act is clearly a question of fact, which the court may not arbitrarily dispose of. The objection to the sufficiency of the evidence cannot be sustained.

IV.    The punishment assessed by the trial court was imprisonment in the penitentiary for a period of eight years. It is said on part of appellant that the sentence is unneces-

**5. SENTENCE.**

sarily severe, and should be modified by a material reduction of the term of imprisonment. We are of the opinion that there is a degree of justice in this contention. Without attempting to rehearse all the circumstances which influence us, we will say that upon a careful review of the record we think the offense of which the appellant has been convicted will be adequately punished (so far as any punishment for such conduct can be called adequate) by imprisonment for a term of five years.

As thus modified, the judgment of the district court is AFFIRMED.