STATE OF IOWA v. JACK LUTHER, Appellant.

**Evidence:** DYING DECLARATIONS. To render a statement admissible 1 as a dying declaration it must have been made under the full belief of impending death.

Under the showing in this case the statement of deceased is held admissible as a dying declaration.

**Criminal law:** INSTRUCTION: INCLUDED OFFENSES. Where the evidence 2 dence is conclusive that wounds inflicted produced a condition resulting in death the defendant is guilty of manslaughter, if guilty at all; and no error is committed by omitting to submit to the jury included offenses.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

WEDNESDAY, FEBRUARY 8, 1911.

THE accused was convicted of manslaughter, and appeals. *Affirmed.*

*L. C. Hendershott,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,* Assistant Attorney-General, for the State.

LADD, J.—Shortly after Pack Faulkerson had gone, or when about to go, to bed in a room at the rear of, and with a door opening into, King's barbershop, the accused entered and informed King that his groceries had been stolen, and later went into the bedroom and inquired of Faulkerson if he knew anything about them. After some parley both came into the shop, where the accused stabbed Faulkerson several times. This occurred at about 11:30 o'clock, in the evening of Saturday, February 12, 1910, and death resulted on the following Tuesday morning. On the day before his death Faulkerson made a statement, and the error first argued is the ruling by which it was received in evidence as his dying declaration; it being insisted that the evidence failed to show that when making it he was under the sense of impending death and in the full belief that he could not recover.

The wound which proved fatal "extended in the right side of the chest down into the right bronchial tube approximately four inches into the tube, so that the air was coming out from the lungs through the chest holes." Death appears to have been due to pneumonia, caused by hemorrhages in the lungs and "drawing in all the air into the lungs directly through this wound in the chest." He had refused to be taken to the hospital until about nine o'clock Sunday morning, and the physicians agreed that this delay lessened his chances for recovery. The attending physician testified that on Monday decedent had said to him that he knew he was going

1. EVIDENCE: dying declarations.

to die. Whether this was in the morning or in the after-
noon subsequent to the making of the statement he could
not tell. The chief of police testified that decedent told
him immediately before making the statement that the
doctor said "there was not much chance for him to get
well;" that "he talked along the lines that he thought he
could not get well;" that he said "he was feeling awful
bad, and it was hard for him to breathe or cough, or any-
thing like that;" that he was asked whether he expected
to die and answered "Yes;" that the doctor told him he
didn't think he could get well; that he, witness, told him
that the physician had said he could not get well, to which
decedent answered that "there was not much show for him,"
and that "he had already been to the undertaker," which
the witness construed as meaning that he considered him-
self as dead. He died the following day. This evidence,
together with that of the physician that there was no pos-
sibility of recovery, we think, justified the district court
in finding that the decedent when making the statement
concerning the transaction was laboring under the appre-
hension of impending death, and in the full belief that he
could not recover. See *State v. Phillips,* 118 Iowa, 660;
*State v. Dennis,* 119 Iowa, 688.

II. The court did not submit to the jury any of the
included offenses, and of this complaint is made. The evi-
dence showed conclusively that the wounds inflicted by the
defendant caused death, and, this being so,
the defendant was guilty of manslaughter,
or should have been acquitted. *State v. Ster-
rett,* 80 Iowa, 609; *State v. Cater,* 100 Iowa, 501; *State
v. Hoot,* 120 Iowa, 238. Counsel suggest that had decedent
consented to be taken to the hospital immediately he might
have recovered, but the evidence goes no further than to
indicate that his chances of recovery would have been bet-
ter. The evidence is conclusive that the wound inflicted
produced the condition which resulted in death, and this

2. CRIMINAL
LAW: instruc-
tions: included
offenses.

was all that was essential to render defendant responsible for the crime of taking decedent's life. *State v. Wood,* 112 Iowa, 411; *State v. Edgerton,* 100 Iowa, 63; *State v. Morphy,* 33 Iowa, 270. *Affirmed.*