STATE OF IOWA, Appellee, v. OTTO EVENSON, Appellant.

No. 46826.

NOVEMBER 12, 1946.

Boomhower & Boomhower, of Mason City, for appellant.

John M. Rankin, Attorney General, M. L. Mason, County Attorney, and M. C. Coughlon, Assistant County Attorney, for appellee.

MANTZ, J.—The defendant, Otto Evenson, was charged by a county attorney's information with the crime of rape, wherein it was alleged that about May 25, 1945, in Cerro Gordo County, Iowa, he had sexual intercourse with Marjorie Baugh, a girl then fifteen years old, contrary to section 12966, Code of Iowa, 1939 (section 698.1, Code of 1946). To this information, defendant entered a plea of not guilty. Upon trial a jury returned a verdict of guilty of the crime of rape. Defendant has appealed.

I. Appellant has set out and argued five errors upon which he relies for a reversal. In none of these claimed errors does he question the sufficiency of the evidence to sustain the finding of the jury.

Before taking up the claimed errors we think it will be helpful to briefly set forth portions of the evidence as a sort of background to the claims which appellant makes.

On May 24, 1945, Otto Evenson, aged forty-seven, bachelor, a farmer who owned and operated a farm near Joice, a town some distance from Mason City, Iowa, attended a dance at Manly, Iowa, and later that day came to Mason City. During the evening he drank some beer and wine. That evening, at Mason City, he met a neighbor, one Clarence Hoel, who lived on a farm near his. The two were together during the forenoon of May 25th. Both indulged in some beer drinking and about noon walked down along the railway tracks. The evidence shows that while there they met a young lad, Kenneth Gugal, of whom inquiry was made as to some girls. Kenneth testified that appellant gave him some money to get him a girl. When the boy went on this mission appellant and his friend were seen loitering in that vicinity. Kenneth soon returned, bringing with him the prosecuting witness, Marjorie Baugh, a girl then fifteen years of age. The evidence shows that the parties met and some money was passed and the two men and the girl went over the railway tracks to a point where there was a depression between the tracks where some grass and bushes obscured the view. As the party proceeded toward the bushes one of the men was seen to have his arms about the prosecuting witness. Both the girl and Kenneth testified that appellant had intercourse with the girl, followed by his friend, and then appellant had such intercourse a second time. Some neighbor women, after seeing

the girl and the two men go over the tracks toward the bushes, phoned the police. In a short time an officer, Charles Van Horn, came. He testified that he went to the place and there saw the boy trying to run away and the appellant in the act of having intercourse with the girl, while his companion, Hoel, was on the ground alongside trying to dislodge appellant and at the same time kissing the girl. Both men had their parts exposed while the girl was partly disrobed. At the command of the officer the men arose and went with him, he leading the girl. The appellant seemed much concerned and begged the officer to let him go, saying, "I can't go this way. It is awful." He wanted to take the girl home and offered the officer $20 if he would let him go. He and his companion were taken to the police station and charges were filed against him. There was evidence that the girl had formerly been in the school for the blind at Vinton, Iowa; had never attended the public schools; and an examination of her, as a witness, revealed that she was under par so far as mentality was concerned. Her vision was such that she could not read or distinguish objects at a distance with any degree of certainty. She also had a smaller sister who had defective vision. The evidence shows that whatever the girl did in the matter was voluntary and without resistance on her part.

II. The first error relied upon was that the court erred in refusing to permit certain witnesses tendered by appellant to testify as to appellant's good character and in limiting their testimony on general reputation to the peculiar trait involved. Appellant summoned as a witness a Mr. Berry. Two questions were propounded to him by counsel for appellant and objections thereto were made. Appellant complains of the rulings on these two questions. The first question was as follows:

"Mr. Berry * * * state whether or not you know his [appellant's] general moral character for honesty, integrity, and good citizenship."

The State objected to the question as immaterial in form and substance. That objection was sustained and rightly so because the evidence offered did not relate to the trait of character involved in the crime charged. See State v. Ferguson, 222 Iowa 1148, 1161, 270 N. W. 874, 882, wherein we said:

"It also seems well established that the good character offered by an accused may and must relate particularly to that trait of character which is involved in the crime charged."

The second question was:

"Mr. Berry, basing your answer on your knowledge of the defendant's character in the community where he has lived as you have testified to, [I] will ask you to state whether or not you know his general moral character in the community where he lived prior to May 25, 1945, as to morality."

A like objection was made to this question with a like ruling. We think that the court should have permitted the witness to answer the question.

In view of what later followed in the examination of the witness Berry, we think the error insufficient to warrant a reversal. Following the ruling of the court sustaining the objections to the questions above set forth, the witness was asked:

"Q. Mr. Berry, do you know the general reputation of the defendant, Otto Evenson, in the community where he lived prior to May 25, 1945, as to his general moral character? A. As far as I know it is good. Q. Answer the question, is it good or bad? A. As far as I know, it is good."

In view of the examination, questions and answers immediately set forth, we are unable to see where appellant has been prejudiced. We call attention to the general rule, as stated in 24 C. J. S. 996, 1001–1003, section 1918, which reads as follows:

"The rejection of evidence is not prejudicial error where the same or substantially the same evidence is admitted. And such rule applies whether such evidence is admitted prior or subsequent to such rejection. This rule finds its most frequent application in cases where the same or substantially the same evidence as that excluded is elicited from the same witness."

We think the above rule has application here.

Other witnesses were tendered by appellant upon the matter above set forth and the court allowed the witnesses to answer that they knew the general reputation of the appellant.

Further, the record does not disclose what answer the wit-

ness would have made had he been permitted to answer the second question.

■ .III. The next error claimed is that the court permitted the State to make inquiry in cross-examination of witness Hoel outside of the testimony given by such witness in direct examination. The specific complaint is that on cross-examination the State asked Hoel whether he had ever before been arrested for intoxication, and further, how many times he. had been arrested for that offense. The witness had testified that he was a drinking man and that he was intoxicated on May. 25th. See State v. Boyd, 196 Iowa 226, 194 N. W. 177. While the trial court should have sustained objection to the questions, yet, in view of. the statements of witness that he was "pretty drunk" and was a drinking man, we are unable to see wherein appellant suffered prejudice because the witness was allowed to answer as he did.

■ IV. The next. error complained of is that the court should have given requested Instructions Nos. I and. II but that the court refused to do so and gave. Instruction .No. VI. Instructions I and II would have told the jury to hold the appellant not guilty if they found he was so intoxicated as to render him incapable of committing the acts charged.

In view of.such claim of error which appellant makes concerning the refusal of the court to give requested Instructions Nos. I and II and in giving Instruction No. VI we will set out the substance of the instruction given.

Therein the court set forth the claim of the appellant growing out of his intoxicated condition. The court told the jury that intoxication did not necessarily excuse the commission of a crime which the jury finds beyond a reasonable doubt has been committed; that it is only when the mental disability produced by the intoxication renders the person charged incapable of forming a criminal intent as to the offense charged. . It further said that to constitute a defense or excuse one accused of a crime the intoxication must be to such a degree or extent that the intoxicated person is incapable of forming the alleged purpose or intent to commit the same. The court went on to advise the jury that if they found from the evidence that the crime had been committed and that at the time the appellant was in such a state of intoxication or drunkenness as to be incapable of forming

an intent, or carnally knowing and abusing Marjorie Baugh, then, in such event the appellant would not be guilty of rape or assault with intent to commit rape and the jury should return a verdict of not guilty. The instruction further advised the jury that the burden was upon the State to prove the appellant guilty beyond a reasonable doubt, and that if, upon consideration of all of the evidence in the case, including that bearing upon the question of the appellant's intoxication, the jury had a reasonable doubt as to his guilt, they should acquit him. They were further told therein it was for the jury to determine the question, after a consideration of all of the facts, taking into consideration the evidence bearing upon the appellant's claim of intoxication and the extent, if any, of his mental incapacity at the time thereof.

We think that Instruction No. VI fully and fairly advised the jury as to the matters requested in Instructions I and II and that the giving thereof was not error.

■ It seems to us that the above instruction fully and fairly covered the situation as shown by the evidence. It is a familiar rule that the giving of instructions is governed to a very great extent by the evidence. Here the jury was told that the State must show the guilt of the appellant beyond a reasonable doubt, and further, that they should take into consideration all of the evidence bearing upon the claim of appellant that he was so intoxicated as to be incapable of committing the crime charged.

Taking into consideration the evidence then before the court, it is difficult to see where the jury was or could have been misled. We hold that the court did not err in refusing to give the requested Instructions Nos. I and II.

■ V. The next error of which the appellant complains is that in its charge to the jury the court did not correctly define the crime of assault with intent to commit rape.

In view of the fact that the jury found the appellant guilty of the higher offense—rape—we are unable to see wherein the trial court's definition of assault with intent to commit rape has prejudiced him, even assuming that such definition was erroneous. While it is the province of the jury to pass upon fact questions, here the record has in it testimony that appellant did touch Marjorie Baugh, and the finding of the jury that appellant

did commit rape upon her person should be evidence that he did touch her.

In the case of State v. Stansberry, 182 Iowa 908, 166 N. W. 359, the court instructed as to the included offenses of assault and battery and assault, and this court held that the error in so instructing was harmless when the defendant was convicted of assault to commit great bodily injury.

In the case of State v. Miller, 124 Iowa 429, 100 N. W. 334, the defendant was convicted of the graver charge under the indictment, which did not charge assault and battery, and there was also an instruction submitting the latter offense to the jury. This court held that it was error to so charge in the absence of a proper allegation in the indictment but this court held that error was without prejudice on account of the verdict.

In State v. Sheets, 127 Iowa 73, 74, 102 N. W. 415, 416, the court said:

"We think the rule a just one, and find no sufficient reason for receding therefrom."

In the present case there was no charge in the information that the offense was committed with force. We call attention to the case of State v. Neitzel, 155 Iowa 485, 487, 136 N. W. 532, 533. That was a case of breaking and entering. There the court instructed the jury on the question of breaking and entering a store in the daytime as being included in the charge of the indictment which alleged breaking and entering in the night-time. On appeal it was claimed that the giving of the instruction upon the offense of breaking and entering a store in the daytime was reversible error:

"His counsel here contend that the court erred in instructing the jury that the offense of breaking and entering a store in the daytime is included in the charge made in the indictment. Conceding this to be true, as we must, we are wholly unable to comprehend how the error could have prejudiced the defense. Having found him guilty as charged, of burglary in the night-time, the jury never had any occasion to consider the question of any included offense, and therefore could not have been misled by any error in the instructions with respect thereto."

See, also, State v. Sheets, supra, 127 Iowa 73, 74, 102 N. W. 415, 416. Therein this court said:

"The allegations of the indictment were insufficient to charge an assault and battery, yet the court submitted that question to the jury, and its action in so doing is assailed. This question was decided adversely to the appellant's contention in State v. Miller, 124 Iowa, 429."

Since appellant was convicted of the crime of rape, the error, if any, in giving Instruction No. XI was without prejudice.

VI. The final error claimed by appellant was the action of the court in refusing appellant's requested Instruction No. IV and in refusing to submit to the jury the included offenses of assault with intent to commit great bodily injury, assault and battery, and simple assault. As before stated, the trial court submitted to the jury the questions of rape and assault with intent to commit rape.

Before taking up this claim of error as made by appellant we call attention to the evidence that the prosecuting witness was but fifteen years old and that to the consummation of the claimed act of rape she made no resistance and that she voluntarily participated therein. Consequently, appellant used no force to carry out his design.

In support of his claim that the court erred in not submitting to the jury the included offenses above set forth, he cites and relies upon the holding of this court in the case of State v. Hoaglin, 207 Iowa 744, 223 N. W. 548. In that case the defendant was charged with the crime of "statutory rape" under the provisions of chapter 566, Code of 1924, and particularly section 12966 thereof. Section 12966, Code of 1924, and section 12966, Code of 1939, are substantially the same. That part of said section relating to the crime of rape, as applied to a female under the age of sixteen years, does not provide that the act be done by force or against the will of the female. We call attention to the language of this court as set forth in State v. Brown, 216 Iowa 538, 540, 245 N. W. 306, 307. We quote:

"The only offenses required by section 13920 to be submitted are such as are necessarily included in the major charge. The rule that the included offenses necessary to be submitted by

the court to the jury depends wholly upon the evidence, although variously stated, has existed in this state since an early day.'' See cases cited therein.

In that case this court referred to its holding in the case of State v. Speck, 202 Iowa 732, 210 N. W. 913. In that case the alleged offense was committed on a girl under the age of sixteen by the defendant, aged forty-two, and the record shows numerous acts between the parties, the girl consenting and making no resistance. The trial court submitted to the jury but one question, that of rape, and did not instruct on included offenses. The defendant, Speck, complained of the failure of the court to submit the claimed included offenses. In discussing this claim, this court said, at page 738 of 202 Iowa, page 915 of 210 N. W.:

''The court submitted to the jury the question of appellant's guilt or innocence of the crime of rape only, and did not instruct as to any included offenses. Complaint is made of the failure to instruct on assault with intent to commit rape, and on assault.

''It is thoroughly well settled by repeated decisions of this court that the failure to instruct on included offenses is not error where the evidence shows that the accused is guilty of the higher offense or of none at all. State v. Grba, 196 Iowa 241, and cases there collected. This rule has been applied in a prosecution for rape upon a female under the age of consent where there was no evidence of the use of force by the accused, or that the prosecutrix opposed the act. State v. Jones, 145 Iowa 176.

''There was no evidence of any degree of force whatever to overcome resistance of the prosecutrix at any time, or that she opposed any physical resistance to his proposal of intercourse. Although her consent may have been reluctantly given at the commencement of their illicit relations, not this much is even remotely suggested on the occasion of the last act of intercourse, as testified to by her.

''In State v. Jones, supra, the complaint was, as it is here, of the failure to instruct on assault with intent to commit rape, and we said that there was no error in failing to instruct on any included offense. That holding is controlling here, both as respects assault with intent to commit rape and assault.''

The case of State v. Hoaglin, supra, was a case where the defendant was accused of the crime of what is commonly known as "statutory rape" and was convicted of the crime of assault with intent to commit rape. Therein the prosecuting witness testified that in committing the crime defendant, Hoaglin, solicited sexual relations, that she refused, and that he grabbed her and forced her to submit to the act. Defendant absolutely denied having used any force upon the prosecuting witness and denied having had intercourse with her. In discussing this matter, this court said, at page 757 of 207 Iowa, page 553 of 223 N. W.:

"Since there was evidence of lack of consent by the prosecutrix to the acts of the defendant, whatsoever they were, it cannot be said that there was no evidence of assault and battery and simple assault, and that, under the record, the defendant is guilty of one or the other of the crimes submitted to the jury or not guilty at all. Under the record in this case, it was prejudicial error for the court to refuse or fail to submit the included offenses of assault and battery and simple assault, and because of said error, the judgment of the trial court must be, and is hereby, reversed."

In the cited case, the court held that the included offenses of assault and assault and battery should have been submitted to the jury by reason of the showing of lack of consent on the part of the prosecuting witness and the further showing that the defendant used force in attempting to accomplish his crime.

In considering the Hoaglin case, this court, speaking through Wagner, J., made a thorough and extended analysis of our holdings upon the question of when there should be submitted to the jury included offenses in the cases where the offense charged was rape or assault with intent to commit rape. We quote:

"There is some confusion in our cases as to when the lesser offenses of assault and assault and battery, included within the charge of what is commonly termed 'statutory rape,' should be submitted to the jury. We shall not endeavor to harmonize the

conflicting authorities. It will be our effort to lay down the proper rules for the guidance of the courts and members of the profession in the future.'' 207 Iowa at page 750, 223 N. W. at page 550.

After discussing many of the Iowa cases wherein the claimed error was the failure of the court to submit to the jury included offenses, the court held that the charge of statutory rape includes assault with intent to commit rape, assault and battery, and simple assault, following with this statement: ''Whether or not the court should submit any one or more of these included offenses depends wholly upon the evidence.''

In a further discussion in that case, this court, speaking of the included offenses where there was a charge of rape, used the following language:

''It is also manifest that there may be an assault with intent to commit rape without an assault and battery, as there could be an assault with intent to commit rape without the perpetrator's coming into contact with the person of the prosecutrix.'' Citing State v. McDevitt, 69 Iowa 549, 29 N. W. 459; State v. Desmond, 109 Iowa 72, 80 N. W. 214; State v. Miller, supra, 124 Iowa 429, 100 N. W. 334; State v. Johnson, 133 Iowa 38, 110 N. W. 170; State v. McAvoy, 73 Iowa 557, 35 N. W. 630; State v. Ellington, 200 Iowa 636, 204 N. W. 307; State v. Woodworth, 168 Iowa 263, 150 N. W. 25.

Dealing with the question of when included offenses should be submitted, we said, in the case of State v. Leete, 187 Iowa 305, 308, 174 N. W. 253, 254:

''This court has frequently held that it is not error to fail to submit an included offense as to which there is no evidence.'' Citing State v. Snider, 119 Iowa 15, 91 N. W. 762; State v. Van Tassel, 103 Iowa 6, 72 N. W. 497; State v. Beabout, 100 Iowa 155, 69 N. W. 429.

In the last-cited case, rape alleged to have been committed on a female fifteen years of age, the court did not instruct on the included offense of assault and battery. The court held that if

the act was committed with the consent of the parties to it, no assault and battery was committed, and therefore, no instruction on that point was needed. See, also, State v. Casford, 76 Iowa 330, 41 N. W. 32.

In the present case the charge was that of statutory rape, the prosecuting witness being under the age of consent; there was no force charged or shown; whatever the prosecuting witness did was voluntary upon her part and no resistance was made to the act. Such being the undisputed evidence there was no occasion to submit to the jury the included offenses of assault with intent to commit great bodily injury, assault and battery, and assault, as requested by the appellant. See State v. Luther, 150 Iowa 158, 129 N. W. 801; State v. Brown, 152 Iowa 427, 132 N. W. 862; State v. Dean, 148 Iowa 566, 126 N. W. 692.

We hold that the trial court did not err in refusing to submit to the jury the included offenses as asked for by appellant. The crime for which appellant was convicted was a revolting one. To gratify his animal passions appellant ravished an unfortunate girl—a child—and then sought to excuse and defend himself upon the ground that he was so besotted with intoxicating liquor as to be incapable of committing the charged offense, all in the face of unimpeached evidence, including a suggestion of his boon companion, that he did commit the act, not once but twice. In the face of such a record it is not a matter of surprise that the jury disagreed with his claim and rendered a verdict of guilty. We find no error in the record. Appellant had a fair trial and the judgment of the trial court is affirmed.—Affirmed.

GARFIELD, C. J., and OLIVER, HALE, BLISS, WENNERSTRUM, SMITH, and MULRONEY, JJ., concur.

HAYS, J., takes no part.