STATE OF IOWA, Appellee, v. CLARENCE HOEL, Appellant.

No. 46890.

FEBRUARY 11, 1947

Boomhower & Boomhower, of Mason City, for appellant.

John M. Rankin, Attorney General, M. L. Mason, County Attorney, and M. C. Coughlon, Assistant County Attorney, for appellee.

OLIVER, J.—Appellant, Clarence Hoel, a farmer forty-two years of age, was charged with statutory rape upon a female child under sixteen years of age, was convicted of the included offense of assault with intent to commit rape, and appeals. This case arose out of the circumstances detailed in State v. Evenson, 237 Iowa 1214, 24 N. W. 2d 762. The record is much the same as in that case and contains evidence tending to show:

Appellant and Evenson had been drinking beer together and were walking around in Mason City at about noon. Evenson gave a boy a nickel to get a girl. The boy procured a girl, aged fifteen years, mentally deficient and almost blind, and gave her several pennies. The four walked to a place obscured by grass and bushes. The girl lay down, the two men disarranged her clothing, and each had intercourse with her. There was some uncertainty whether there was actual penetration by appellant. Then, with his own person exposed, appellant lay beside her, fondling and handling her exposed body, and trying to dislodge Evenson, who was again upon her. A police officer interrupted the orgy.

Appellant testified he remembered pretty well what occurred and that he did not have or attempt intercourse with the girl: "I had just scuffled with her a little bit. She moved away and I let her go." Appellant did not testify he was then intoxicated but there was some evidence tending to show he was intoxicated immediately prior thereto.

I. The included offenses submitted to the jury were assault with intent to commit rape and assault and battery. Appellant complains of the refusal of a requested instruction listing simple assault as an included offense. Any apparent

inconsistencies in some of our earlier decisions as to instructing upon included offenses have been removed by our more recent holdings that a charge of statutory rape includes assault with intent to commit rape, assault and battery, and simple assault, and that whether the court should submit any one or more of these included offenses depends wholly upon the evidence, although only rarely is the submission of assault with intent to 'commit rape not required. The test is whether the evidence would be sufficient to take the case to the jury if the included offense in question was the sole charge against the defendant. State v. Hoaglin, 207 Iowa 744, 223 N. W. 548; State v. Ingram, 219 Iowa 501, 506, 258 N. W. 186; State v. Beltz, 225 Iowa 155, 165, 279 N. W. 386; State v. Evenson, supra, 237 Iowa 1214, 24 N. W. 2d 762.

Here all the evidence of the State shows no force nor show of force by appellant and voluntary assent by the girl. Clearly, that did not require the submission of either assault or assault and battery because, though the girl could not consent to rape or assault with intent to commit rape, she legally could, and according to that part of the record did, consent to the contact with and handling of her person. State v. Hoaglin, supra, 207 Iowa 744, 756, 223 N. W. 548; State v. Blair, 209 Iowa 229, 236, 223 N. W. 554.

However, appellant himself testified he scuffled with the girl and she moved away. Whether this constituted assault and battery was for the jury and it was proper to submit assault and battery as an included offense. Under his own testimony, which was the only evidence tending to show assault or assault and battery, if appellant was guilty of any offense it was of assault and battery. Therefore, he is in no position to claim he is guilty of less than assault and battery. A failure to instruct as to an included offense is not error where, as here, all the evidence shows the defendant guilty of the higher offense or not guilty of either offense. State v. Crutcher, 231 Iowa 418, 421, 1 N. W. 2d 195; 6 C. J. S. 1000, 1006, section 128.

II. A requested instruction listing, as an included offense, assault with intent to commit great bodily injury, was also refused. Such refusal was proper because the charge of

rape does not include such offense. State v. Brown, 216 Iowa 538, 245 N. W. 306. Nor, if such offense were included in the charge of rape, would the record in this case have warranted such instruction because there was no evidence of intent to commit great bodily injury.

III. An instruction upon assault with intent to commit rape uses the language *"did touch or handle"* the girl *"in any manner,* with the specific intent on his part then and there to have sexual intercourse with her." This and another instruction also state that the intent with which the assault is made is the gist or essence of the offense and that the toying, loving, feeling, or dallying with her would not be sufficient without such specific intent. The instructions also define assault and assault with intent to commit rape; define intent and state how it may be inferred from conduct and circumstances.

Appellant states the italicized language is too broad. We conclude it is not vulnerable to this objection. State v. Roby, 194 Iowa 1032, 1037, 188 N. W. 709; 52 C. J. 1032, section 45.

Appellant complains also that the language is too abstract in that it does not state "that the intent must be to consummate the act of rape." The answer is that the instructions require a finding of the specific intent then and there to have sexual intercourse with a girl under sixteen years of age. No error appears here.

IV. Appellant complains of the refusal of a requested instruction that if the evidence showed defendant was in such a state of intoxication that he was physically or mentally incapable of doing the acts charged such evidence should be considered as a circumstance tending to show his innocence.

The trial court instructed upon intoxication as rendering the defendant mentally incapable of forming a criminal intent to commit the offense charged. See State v. Johnson, 215 Iowa 483, 489, 245 N. W. 728; State v. Wilson, 234 Iowa 60, 74–85, 11 N. W. 2d 737. The court also instructed the jury to acquit, if, under the evidence, including that bearing upon appellant's intoxication, the jury had a reasonable doubt as to his guilt. The refusal of such request and the giving of similar instructions were held not to constitute error in State v. Evenson,

134

supra, 237 Iowa 1214, 24 N. W. 2d 762. We adhere to that holding.—Affirmed.

WENNERSTRUM, C. J., and HALE, GARFIELD, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.

BLISS, J., takes no part.