# SUPREME COURT

OF

## THE STATE OF IOWA

AT

DES MOINES, OCTOBER TERM, A. D. 1896,

AND IN THE FIFTIETH YEAR OF THE STATE.

---

STATE OF IOWA v. ED. FORSYTHE, Appellant.*

**Rape:** CORROBORATION: *Evidence.* Admissions by the defendant of intercourse with prosecutrix, during the fall preceding the year in which she became thirteen years old, though not fixing the exact time and place, are sufficient corroboration to sustain a conviction of rape.

SAME. Evidence that a prosecutrix on trial for rape of a girl under the age of consent, went with defendant to different places after the offense was committed, is admissible to show intimate relationship between them, for the purpose of corroborating her testimony, in a case where it is not claimed that the intercourse was against the girl's will.

CROSS-EXAMINATION: KNOWLEDGE OF LAW. While there may be cases in which the question, whether a witness is familiar with a certain law, becomes important, it is not an abuse of discretion to refuse to let the prosecutrix, on a trial for raping a girl under the

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

age of consent, say, on cross-examination, whether she knew that she must have been under thirteen years of age when the intercourse took place, in order to convict defendant.

IMPEACHMENT OF DEFENDANT. The testimony of defendant on a former trial may be read for the purpose of impeaching his present testimony, although no foundation for impeachment is laid, by calling his attention to the time and place of making the statement.

MISCONDUCT IN EXAMINATION. It is not misconduct to ask a defendant, charged with crime, whether or not he made incriminating statements to an attorney, where the examiner did not know, until after the questions were asked, that the alleged statements were made to the attorney with a view of employing him as counsel for the defendant.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

THURSDAY, OCTOBER 8, 1896.

INDICTMENT for rape. Verdict of guilty as charged, and a judgment of imprisonment, from which the defendant appealed.—*Affirmed.*

*Balliet & Stahl* for appellant.

*Milton Remley,* attorney general, for the state.

GRANGER, J.—I. The cause is now before us on re-hearing. The offense is charged as having been committed on the person of one Viola Hughes, a girl under the age of thirteen years. She was a witness for the state, and on cross-examination was asked the following question; "You know, do you not, that in order to convict Edward Forsythe, you must be under the age of thirteen years at the time the intercourse took place?" An objection that the question was incompetent, immaterial, and not proper cross-examination, was sustained, of which ruling complaint is made. The thought of appellant is that, if she did not know the law, as indicated by the question,

her testimony would have more weight with the jury as to the time the offense was committed, than if she did know it, and, consequently, that the converse of the proposition would be true; and if she did know the law, her testimony would be of less weight.    We are unwilling to accept the conclusions, as a general rule. It is probably true that conditions might exist, in the taking of testimony, when the fact as to such knowledge could properly be considered, in giving it weight, but we do not discover that they exist in this case.    It was a cross-examination, and the court was invested with a discretion within just limits.    It would not do, as a general legal proposition, to say that knowledge by a witness of the law, as applied to given facts, would add to, or detract from, the importance of the testimony of such witness, although, as we have said, there might be conditions in which it might be true.    There was no error in the ruling.

II.    The offense is charged as having been committed September 1, 1891.    The state was permitted to ask of Viola Hughes, if she went with the defendant in 1892, and she answered that she did go with him to the state fair, and at other times,    There was no error by the court in permitting this.    It is true that it was some time after the alleged act, but it shows the intimacy of the parties.    It is not as in a case where the offense was committed against the will of the woman.    Intimate relationship after the offense, might tend to show the truth of her statements.    Defendant was a witness, and denied the intercourse.

III.    Defendant was a witness, and on cross-examination by the county attorney he was asked: "Didn't you go on that day to the office of W. W. Philipps, on the east side of the river?    Ans. Yes, sir." "Did you not then and there, at that time, state to W. W. Philipps that you had sexual intercourse with

Viola Hughes, and that you had been having sexual intercourse with her away back in 1890 and 1891?" 'Did you not state to W. W. Philipps that you had intercourse with her between Des Moines and your place, down on the river bank and at the fair ground, by your front gate and in your house?" No answers were made to these questions, and defendant's counsel examined him to show that his presence with Philipps was to employ him as counsel, and upon objections made, the answers were excluded.

But it is urged that it is misconduct on the part of counsel that should reverse the case. We think not. It does not appear that the county attorney knew, when he asked the question, of defendant's purpose with Philipps. That fact was disclosed after the objectionable questions were asked. No authority cited by appellant is upon a like state of the record.

IV. It is thought that there is not sufficient corroboration to sustain the verdict, but in that we cannot concur. There is evidence of defendant's admissions to the effect that he had intercourse with the girl in the fall of 1891, and she was not thirteen years old until February 1, 1892. It is true, that admission does not fix the exact time and place of the occurrence, but it is evidence tending to connect the defendant with the commission of the offense, which could be shown to have been committed by other evidence. It is said that it appears that the defendant was drunk when he made the admission. That fact does not appear to an extent that we can say his statements or admissions are of no force as evidence.

V. For the purpose of contradicting the defendant as a witness in his own behalf, the court reporter was permitted to read from the minutes of defendant's testimony on a former trial of this case, and that is thought to be error, for the reason that a foundation

was not laid for impeachment, by calling his attention to the time and place of making the statements.

5    Defendant being a party, his statements could be shown without such proof. His statements, whether in the nature of evidence or otherwise, if material, could be shown. It may also be said that his attention was sufficiently called to the particular testimony to make it admissible. We have considered all the points urged, and examined the record as it is our duty to do, and find no reversible error, and the judgment will stand AFFIRMED.