STATE OF IOWA v. E. D. TURNER and C. H. MACEY, Appellants.

Drawing Jury: PRINCIPAL AND DEPUTY. Code, section 496, provides that the deputy, in the absence of his principal, may perform all the official duties of the principal. A county had a county seat at F., where the county recorder was in charge, and another at K., where the deputy recorder was in charge. The deputy participated in drawing a jury at K., the county recorder being in attendance on the office at F. *Held*, there was no error in the manner of drawing.

Examination Before Magistrate: SHORTHAND REPORT: *Certification.* Code, section 5227, authorizes a magistrate, by agreement of parties, to order the examination to be taken in shorthand and certified as in the case of depositions. Section 4702 requires the testimony in depositions to be certified by the person taking them. In an examination before a magistrate, it was agreed that the minutes of testimony should be taken in shorthand by the official stenographer. *Held*, that there was no merit in an objection that the examination was taken and certified by one other than the official reporter; no objection thereto being made on the examination.

WHO MAY MAKE REPORT. On agreement to take the minutes of the examination in shorthand under such sections, the magistrate may order whom he chooses to take it.

TRANSCRIPT OF ATTACHED TO INDICTMENT. The fact that the transcript of the evidence of the examination before the magistrate, instead of a minute thereof made by the clerk of the grand jury, was returned with the indictment, is not prejudicial to defendant.

SAME: *Trial on indictment.* Where there was no question but that the transcript of the evidence on which the grand jury acted, and which was returned with the indictment, was the identical transcript of the examination before the magistrate, there

was no error in the grand jury acting on such evidence, nor in the court permitting the examination of the witnesses named therein on the trial, their names being indorsed on the indictment, though the transcript was not indorsed by the magistrate. as required by Code, section 5228.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, OCTOBER 2, 1901.

THE defendants were indicted, tried, and convicted of the crime of breaking and entering a store building, and judgment of imprisonment in the penitentiary rendered against them, from which judgment they appeal.—*Affirmed.*

*D. D. Harrington* and *R. M. Harrington* for appellant.

*C. W. Mullan,* Attorney-General, and *C. A. Van Vleck,* Assistant Attorney-General, for the State.

GIVEN, C. J.—I. This case is submitted upon an agreed statement, in substance as follows: Defendants were charged with the crime of breaking and entering a store building, before the judge of the superior court of the city of Keokuk, sitting as an examining magistrate. It was agreed between the parties that the minutes of the testimony should be taken in shorthand by the official reporter of that court, and transcribed into longhand. For some reason that does not appear, the testimony was taken, transcribed, and certified to, without objection, by one J. A. West. The defendant Turner was released, and the defendant Macey was held to the grand jury. A transcript of the proceeding, duly certified, and a transcript of the evidence, certified to be true and correct by Mr. West, were duly filed with the clerk of the district court, and referred to the grand jury. The grand jury, upon said transcript of the evidence and of witnesses examined before it, returned the indictment against the defendants, and therewith said trans-

cript of the evidence, but no minute thereof made by the clerk of the grand jury. On the trial in the district court, the state was permitted, over defendants' objection, to examine the witnesses who had been examined before the magistrate; no notice having been given that they would be examined. Defendants contend that, as the minutes of the evidence before the magistrate were not taken by the official reporter, as agreed, and as the transcript made by Mr. West was not certified by the magistrate, the defendants were indicted upon insufficient and illegal evidence, and that the grand jury had no lawful right to find an indictment based in whole or in part upon said transcript of the evidence before the examining magistrate. They also contend that, for these reasons, and the further reason that the transcript of said evidence, and not a minute thereof, was returned by the grand jury with the indictment, the court erred in permitting the witnesses examined before the magistrate to testify on the trial. Section 5227 of the Code authorizes the magistrate, by agreement of parties, to order the examination taken in shorthand and certified, substantially as provided for taking depositions by a stenographer. Section 4702, Code, providing for taking depositions in shorthand, only requires the certificate of the person taking them, and this testimony was so certified. We held in *State v. Kepper,* 65 Iowa, 745, and *State v. Cook,* 92 Iowa, 483, that although the minutes were not certified as provided in section 5228 of the Code, if the grand jury acted thereon, and returned a proper memorandum thereof to the court with the indictment, defendant could not object to the examination of the witnesses named therein whose names were indorsed on the indictment.

There is no merit in the complaint that the examination was taken and certified by Mr. West instead of the official reporter, as no objection was made to Mr. West, and as upon agreement to take the examination in shorthand the magistrate may order whom he chooses to take it.

Defendants were not prejudiced by the fact that the transcript of the evidence, instead of a minute thereof, was returned with the indictment, as the transcript informed them more fully of the evidence against them than would the minute thereof, and as fully as to names of the witnesses to be examined. It is not questioned but that the transcript of the evidence upon which the grand jury acted, and which was returned with the indictment, was the identical transcript of the examination before the magistrate. There was no error in the grand jury acting upon said evidence, nor in the court permitting the state to examine the witnesses named in said transcript; their names being indorsed on the indictment.

II. Defendants insist that the trial jury was not selected as provided by law, for that the deputy recorder, instead of the recorder, as required by section 342 of the Code, participated in drawing the jury. Section 496 of the Code provides: '"The deputy in the absence or disability of his principal may perform all the duties of the principal pertaining to his office." Lee county has two county seats,—one at the city of Ft. Madison, where the county recorder was in personal charge of the recorder's office, and one at the city of Keokuk, where the deputy recorder was in charge. This jury was drawn at Keokuk, and, the recorder being then absent from that city, in attendance upon the office at Ft. Madison, the deputy participated in drawing the jury. This was such absence as is contemplated in said section 496. There was no error in the manner of the drawing.

It is said that the sentence is excessive, but, as we have not the evidence before us, we cannot determine as to this contention. We do not find any error in the record prejudicial to the appellants, and the judgment is therefore AFFIRMED.