THE STATE OF IOWA, Appellee, v. LEE JOHNSON, Appellant.

**Criminal law:** INDICTMENT: COMPETENCY OF WITNESSES. The mere
1  fact that the return of the magistrate is informal or not cer-
tified as required by statute is not fatal to an indictment based
on the evidence returned by the magistrate; nor can the de-
fendant object to the competency of the witnesses, when pro-
duced upon the trial, for that reason.

**Rape:** INCLUDED OFFENSES. Where an indictment simply charges an
2  assault with intent to commit rape, assault and battery is not
an included offense.

**Evidence:** CORROBORATION. The corroborating evidence of an as-
3  sault with intent to commit rape is held sufficient.

**Evidence:** SIMILAR ACTS. Similar acts of defendant toward com-
4  plainant may be shown, on a prosecution for assault with in-
tent to commit rape, on the question of his intent in the par-
ticular case.

**Resistance by prosecutrix.** Resistance and outcry are not essen-
5  tial to a conviction for assault with intent to commit rape on
a girl under the age of consent.

**Rape:** SENTENCE. A sentence of fifteen years' imprisonment for
6  an attempt to rape a girl but ten years of age is not excessive.

*Appeal from Benton District Court.*— HON. G. W. BURN-
HAM, Judge.

TUESDAY, JANUARY 8, 1907.

THE defendant was indicted for the crime of assault with
intent to commit rape upon a female child under the age of
consent, and having been adjudged guilty, appeals.— *Af-
firmed.*

*Tom H. Milner,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De
Graff,* Assistant Attorney-General, for the State.

WEAVER, J.— I. On the trial below the appellant objected to the admission of the testimony of several witnesses on the ground that they had not been examined before the grand jury and there was no sufficient showing that they were examined before the committing magistrate or that the minutes attached to or accompanying the indictment were made, preserved, and returned by such magistrate. The objections were properly overruled. Code, sections 5230 and 5282 provide that the grand jury may act and return a verdict upon the minutes of the proceedings had and evidence taken before the magistrate, and in such case it is not necessary that the witnesses be called or examined again before the grand jury. The mere fact that the return of the magistrate is informal or is not certified in the manner required by the statute is not fatal to the indictment nor does it afford good ground of objection by the defense to a witness or to his testimony if otherwise competent. *State v. Cook,* 92 Iowa, 483; *State v. Kepper,* 65 Iowa, 745; *State v. Marshall,* 105 Iowa, 39; *State v. Turner,* 114 Iowa, 426; *State v. Rodman,* 62 Iowa, 456; *State v. Wise,* 83 Iowa, 596.

1. CRIMINAL LAW: indictment: competency of witnesses.

II. In submitting the case for a verdict, the court instructed the jury as to the crime charged and the included crime of simple assault, but omitted any references to assault and battery, and an exception is urged upon this omission. There was no error in this respect. In *State v. Trusty,* 118 Iowa, 498, and other cases of that class upon which appellant relies, the indictments charging the rape, or assault with intent to commit rape, made use of language which alleges bodily injury at the hands of the accused, and thus, upon a plea of not guilty, made it proper, if not necessary, to instruct the jury upon the offense of assault and battery as well as simple assault, but in the case before us the indictment does no more than charge an assault with intent, and, if the felonious intent was not sufficiently established there was nothing left for the

2. RAPE: included offenses.

consideration of the jury except the alleged assault.    To have submitted an instruction upon assault and battery where the indictment contains no charge or allegation of battery, and secured a conviction of that offense, would have been manifest error on which the accused could have successfully appealed to this court.    *State v. McAvory,* 73 Iowa, 557 ; *State v. Hutchinson,* 95 Iowa, 569 ; *State v. Miller,* 124 Iowa, 429.

III.  The sufficiency of the corroborating evidence is denied, but we think the contention not well founded.    Without attempting to relate the testimony, it is sufficient to say that there is evidence from one or more wit-

3. EVIDENCE: corroboration.

nesses other than the prosecutrix of the conduct of the accused in seeking the child, in decoying her away from her young sister, in fastening the door when with her alone in the room, and in other acts on his part for which no explanation is apparent except a purpose to commit the outrage with which he is charged.    The corroboration is abundant if the testimony is to be credited, and that was a question for the jury alone.

IV.  The testimony tended to show at least two criminal attempts and at the proper stage of the trial the court required the State to elect upon which offense the case should be given to the jury.    It is now said the court

4. EVIDENCE: SIMILAR ACTS.

should have withdrawn the testimony as to the appellant's conduct on other occasions.    That, in cases of this nature, the State may prove other similar acts with reference to the complainant as tending to show the disposition and intent of the accused in the particular act with which he is charged is too well established to require citation of authorities.    Such evidence, so far, at least, as it is derived from witnesses other than the prosecutrix tends clearly to corroborate her claim as to the acts and conduct of the accused at the time of the alleged offense.    Of the limitations to be observed in the consideration of this evidence, the jury were properly instructed by the court.

V.  Objections are urged to the instruction of the court

because the jury were not told that plaintiff could not be convicted unless they were satisfied beyond a reasonable doubt that he intended to have intercourse with the child notwithstanding any and all the resistance she might make. It seems hardly necessary to say that, under the statute which provides that carnal connection with a female child under the age limit is rape even where such intercourse is accomplished without force and with the consent of such child, the rule contended for by counsel has no application.

5. RESISTENCE BY PROSECUTRIX.

The same may be said of the objection that proper weight was not given by the court to the failure of the girl to make an outcry or carry prompt complaint to her friends. The fifteenth paragraph of the court's charge to which vigorous exception is taken by the appellant is not quite as clear as could be desired, but, when read in connection with the remainder of the instructions, we think it substantially correct, and that no prejudice to the defendant can be presumed therefrom.

VI. The appellant was sentenced to imprisonment in the penitentiary for a term of fifteen years. This, he insists, is excessive, and, in case no cause is found for reversal of the judgment, he asks that it be modified by reducing the period of his imprisonment. We are unwilling to disturb the judgment in this respect. The punishment is severe, but not unjust. The crime of which he stands convicted is one of peculiar depravity. At the date of its commission appellant was a married man of the mature age of fifty years while the victim of his assault was an immature child of ten. A man capable of harboring the thought of such an offense, say nothing of the heartlessness required for its perpetration, is an enemy of his race whose liberty to roam at large is a menace to society. There are but few offenses against the law of the land which may not be accompanied by circumstances calling for charitable consideration if not for excuse, but the crime

6. RAPE: sentence.

of this appellant admits of no extenuation whatever short of utter mental irresponsibility, and the State can scarcely do less than establish an insurmountable and perpetual quarantine against his class. There was evidence tending to show that appellant had, at some time in the past, sustained an injury to his head resulting to some extent in the impairment of his mental powers, but the showing in this respect was weak and inconclusive, and the claim is not seriously urged. in argument by his counsel. To say the very least, the testimony as a whole was such as to fully justify and sustain the finding of the jury that he had sufficient mental capacity to be responsible for his acts.

We find no prejudicial error in the record, and the judgment of the district court is *affirmed*.