STATE OF IOWA, Appellee, v. MELVIN HUNT, Appellant.

**Criminal law:** SEDUCTION: EVIDENCE: EXHIBITION OF CHILD. It is
error to permit the exhibition of the young child of a prosecu-
trix to the jury, in a prosecution for seduction, for the purpose
of establishing a supposed resemblance; but the mere presence
of the child in court and reference to it as the child begotten of
prosecutrix, merely to corroborate her as to the *corpus delicti,*
is not error.

**Same:** ARGUMENT: MISCONDUCT OF COUNTY ATTORNEY. It is miscon-
duct on the part of a county attorney, in a prosecution for se-
duction, to refer in argument to the child of prosecutrix, which
she is permitted to have present with her during the trial, in
such language as to amount to an exhibition of the child to
determine an alleged resemblance, and thus connect defendant
with the offense.

*Appeal from Monona District Court.*—HON. DAVID MOULD,
Judge.

MONDAY, OCTOBER 25, 1909.

THE defendant was indicted for the crime of seduction.
There was a verdict and judgment of guilty. Defendant
appeals.—*Reversed.*

*J. A. Prichard,* for appellant.

*H. W. Byers,* Attorney-General, *Chas. W. Lyon,* As-
sistant Attorney-General, and *J. W. Anderson,* for the State.

EVANS, C. J.—There is abundant evidence of moral
depravity in this case, but whether the evidence is sufficient
to prove the particular crime charged is a close question.
Inasmuch as a new trial must be awarded on another

ground, and other evidence may be adduced at another trial, we deem it proper not to enter into a discussion of the evidence at this time.

At the time of the commission of the alleged crime the defendant and the prosecuting witness were each about seventeen years of age. This was on February 8, 1908. A child was born to the prosecutrix on November 10, 1908. The trial in this case commenced January 18, 1909. The prosecutrix appeared at the trial with her babe in her arms. The defendant made a formal objection to the presence of the child in court during the trial, and asked that it be excluded from the view and consideration of the jury. This objection was overruled. In his opening statement to the jury the county attorney made express reference to the presence of the child in court, and objection was made by defendant's counsel thereto, which was also overruled, and the defendant now complains of this ruling. Up to this point in the trial there was no claim on the part of the state of any intent to exhibit the child to the jury for the purpose of determining any resemblance to the defendant, nor was it claimed that there was any such resemblance apparent. In *State v. Danforth*, in 48 Iowa, 43, it was held reversible error to exhibit to the jury a child only a few months old for the purpose of determining a supposed resemblance. This rule was reaffirmed in *State v. Harvey*, 112 Iowa, 416. In *State v. Clemons*, 78 Iowa, 123, it was held that the mere presence of the child in court and the reference to it in testimony as being the child begotten of the prosecutrix was not objectionable. It was held to be corroborative of the prosecutrix as to the *corpus delicti*, though not entitled to any consideration as tending to connect the defendant with the offense. The ruling of the court, therefore, was in accord with the distinction made in the *Clemons* case, and up to this point was not prejudicial to the defendant. This circumstance, however, took on added significance in the

1. CRIMINAL LAW: seduction: evidence: exhibition of child.

later stages .of the trial, and we shall have occasion to consider it in the next division hereof.

Appellant complains of the misconduct of the county attorney in his closing argument to the jury. Much of the address was preserved and has been presented to us in this record. We feel compelled to say that

2. SAME:
argument:
misconduct:
of county
attorney.

there was much in this address that was wholly unwarranted by the record, and that was unfair to the defendant. Notwithstanding the fact that by the ruling of the court the child had been permitted to remain in the courtroom during the trial only for the purpose permitted by the holding in the *Clemons* case, and not for the purpose of ignoring in any degree the rule laid down in the *Danforth* and *Harvey* cases, yet counsel for the prosecution, in his closing address, pointed to the child "with a thousand hands," and declared that it was "all the evidence that any man would ask" of the defendant's connection with the offense. This was, in effect, an exhibition of the child to the jury for the purpose of determining alleged resemblance, and was seriously improper conduct on the part of counsel. This act on the part of counsel is sufficient of itself to require us to order a new trial, and we will not enter into a discussion of other portions of the address. It is sufficient to say that there is much in the address which cannot be approved. Our views as to what constitutes misconduct on the part of counsel in the trial of a criminal case are indicated in many opinions. *State v. Proctor,* 86 Iowa, 698; *State v. Helm,* 92 Iowa, 540; *State v. Hasty,* 121 Iowa, 520; *State v. Harmann,* 125 Iowa, 167; *State v. Fuller,* 142 Iowa, 508.

Other questions argued are such as are not likely to arise on a retrial.

For the error pointed out the case must be *reversed* and *remanded.*