STATE OF IOWA, Appellee, v. GEORGE SPECK, Appellant.

**RAPE: Corroboration—Admissions of Accused.** Statutory corroboration
1   in a prosecution for rape may be found in the general admission of
the accused that he had had sexual intercourse with the prosecutrix,
even though such admissions did not specifically refer to the transaction on which the State elects to rely.

**RAPE: Evidence—Character of Prosecutrix—Particular Acts.** Proof of particular acts or specific facts is not admissible, in a prosecution for rape, to show the bad character of prosecutrix. (See Book of Anno., Vol. 1, Sec. 12966, Anno. 116 *et seq.*)

**RAPE: Evidence—Ill Feeling of Third Parties.** Evidence of the acts of parties who are not witnesses, tending to show hostility against an accused in a prosecution for rape, is not admissible.

**CRIMINAL LAW: Trial—Instructions—Undue License as to Evidence.** Instructions which authorize the finding of a reasonable doubt on *offered* testimony are erroneous, but without possible prejudice to the accused in a criminal prosecution..

**CRIMINAL LAW: Trial—Instructions—Abstract Definition of "Evidence."** An abstract definition of "evidence" which, standing alone, might possibly invite the jury to consider matters not received in evidence, is rendered harmless by other instructions which definitely limit the jury to the evidence submitted to it.

**CRIMINAL LAW: Trial—Instructions—Evidence "Produced and Submitted."** It is not reversible error to limit a jury, in the consideration of the case, to the evidence "produced and submitted."

**CRIMINAL LAW: Limitation of Action—Election by State.** An instruction that the jury must, in order to convict, find that the act charged was committed within 18 months prior to the finding of the indictment, is not in conflict with an election by the State to rely on a transaction which was designated *other than by the date when it occurred.*

**INDICTMENT AND INFORMATION: Included Offenses—Absence of Evidence—Effect.** Assault with intent to rape and simple assault should not be submitted when the record in a prosecution for rape on a female under 16 years of age is barren of any evidence of force or violence. (See Book of Anno., Vol. 1, Sec. 13919, Anno. 64 *et seq.*)

**CRIMINAL LAW: Trial—Instructions—Non-requested Particularity.** When instructions are correct, error may not, in the absence of a request, be based on the failure of the court to specifically set forth defendant's theory of a transaction.

Headnote 1: 33 Cyc. p. 1498. Headnote 2: 33 Cyc. p. 1479. Headnote 3: 33 Cyc. p. 1461. Headnote 4: 17 C. J. p. 360. Headnote 5: 16 C. J. p. 1050. Headnote 6: 17 C. J. p. 341. Headnote 7: 16 C. J. p. 969. Headnote 8: 33 Cyc. p. 1504. Headnote 9: 16 C. J. p. 1063.

Headnote 1: 22 R. C. L. 1225. Headnote 2: 14 L. R. A. (N. S.) 714; L. R. A. 1916B 965; 22 R. C. L. 1209. Headnote 9: 14 R. C. L. 799.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 23, 1926.

The defendant was convicted of statutory rape, and appeals. —*Affirmed.*

*F. T. Van Liew,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

VERMILION, J.—The prosecutrix, at that time a girl less than 16 years of age, lived temporarily, during January and a part of February, 1926, with her paternal grandmother. The appellant, her uncle, a divorced man 42 years of age, was living in the same house at the time. The testimony of the prosecutrix was to the effect that, in the early part of January, the appellant asked her to let him sleep with her, giving as a reason that his room was unfinished and cold; that she consented, and he slept with her until she left her grandmother's house, in February; that he asked to have sexual intercourse with her, and she "finally gave up to him;" that he had intercourse with her nearly every night; that the last time was on Saturday night, before she went home on Monday; and that the next day, she went to the Juvenile Home. The prosecutrix did not otherwise fix the date of the last act of intercourse with the appellant. Another witness testified, however, that the prosecutrix was taken to the Juvenile Home on February 16, 1926; and from this it would appear that the last act of intercourse testified to by the prosecutrix was on the 13th of February.

There was testimony from several witnesses that appellant, after his arrest, admitted that he had had sexual intercourse with the prosecutrix six or eight times; that she would go to his room, or he to hers; and that he said he felt very remorseful, and talked of committing suicide.

At the close of all the evidence, the State, being required, on motion of the defendant, to elect on which date it would rely for a conviction, made an election in the following language:

"The State elects to stand on the last act of intercourse between Elizabeth Speck and the defendant between the 1st day of January, 1926, and the 16th day of February, 1926, and probably on the 13th day of February, 1926, Saturday."

No·objection was made to the form or substance of this election, nor was any further or more definite election asked by appellant.

I.  It is insisted that there is no corroboration, such as is required, of the testimony of the prosecutrix as to the act of intercourse upon which the State elected to rely:·

It is well settled that the fact that the crime of rape has been committed by someone may be established by the testimony of the prosecutrix alone.  *State v. Robinson*, 170 Iowa 267; *State v. Kessler*, 189 Iowa 567.  The corrobora-

1. RAPE: corroboration: admissions of accused.

tion required by the statute, Section 13900, Code of 1924, is such as tends to connect the accused with the commission of the offense.  The evidence of appellant's admission that he had had intercourse a number of times with the prosecutrix during the time, and at the place where, she testified such acts occurred, clearly tended to connect him with the commission of the last act of such intercourse, although his admission did not specifically refer to the date on which her testimony and that of other witnesses would indicate such last act had occurred.  *State v. Johnson*, 133 Iowa 38; *State v. Hetland*, 141 Iowa 524.

II.  Complaint is made that the appellant was not permitted to show by a witness called by him certain acts of the prosecutrix which, it is claimed, showed her character to be bad.  Proof of

2. RAPE: evidence: character of prosecutrix: particular acts.

particular acts or specific facts was not admissible to show the character of the prosecutrix. *State v. McDonough*, 104 Iowa 6.  There was no error here.

III.  The defendant testified that he was buying a piece of real estate from the father of the prosecutrix.  His further testimony that, since he had been in jail, he had been served with notice of forfeiture of the contract was stricken

3. RAPE: evidence: ill feeling of third parties.

as immaterial.  The ruling was clearly right. The father of the prosecutrix was not a witness on the trial, and, in any event, the State was in no manner bound by his acts or feelings.

IV.  In an instruction defining reasonable doubt, the court stated that such a doubt might be suggested or arise out of evidence "offered" upon the trial.  The statement was clearly

4. CRIMINAL LAW:
trial: instruc-
tions: undue
license as to
evidence.

erroneous, but it is equally clear that it could not have been prejudicial, since it authorized the jury to consider evidence offered, though not introduced, not for the purpose of conviction, but to raise a reasonable doubt. *State v. Patrick,* 201 Iowa 368, cited by appellant, is not in point. The instruction there considered was condemned because it, in effect, authorized the jury to consider for all purposes evidence offered, although it had been excluded by the court.

V. The court, in the instructions, defined evidence as "whatever is exhibited to a court or jury, whether it be matter of record or writing, or by the testimony of witnesses, in order to

5. CRIMINAL LAW:
trial: instruc-
tions: abstract
definition of
"evidence."

enable them to pronounce with certainty concerning the truth of any matter in dispute." The instruction appears to have been an attempt to define evidence generally and in the abstract. The specific objection made to it is that it permitted the jury to consider as evidence matters offered, but not admitted, and particularly an alleged written, but unsigned, confession of the defendant's which was produced on the trial, but not admitted in evidence. While, as an abstract statement, the language used might be properly understood by a trained legal mind, as an instruction to a jury it cannot be approved. But, in view of other instructions given, we do not think it was prejudicial. It did not purport to direct what should be considered by the jury in arriving at a verdict, but in another instruction the court said:

"You are to try and determine this case according to the evidence produced and submitted to you in open court on this trial, and the law as given you in charge by the court in these instructions, and upon nothing else."

In this instruction the jury was clearly and explicitly limited to a consideration of the evidence "produced and submitted" to it, without regard to the abstract definition of evidence theretofore given.

VI. Indeed, appellant further complains that the last quoted instruction too strictly limited the jury in its consideration of the case. The same instruction was under consideration

6. CRIMINAL LAW:
trial: instruc-
tions: evidence
"produced and
submitted."

in *State v. Patrick*, supra, and was there criticized, because it appeared to exclude from the consideration of the jury the fair and reasonable inferences and deductions that might be made from the evidence or the lack of evidence. That case was not, however, reversed because of that instruction. It was merely suggested that, if given on a retrial of the case, it be remodeled in accordance with the views there expressed. It is the opinion of the writer that the instruction is not objectionable, and could not be misleading to a jury; but, at least, the giving of it was not reversible error.

VII. The court instructed, in substance, that, in order to convict, the jury must find that the act or acts of sexual intercourse was or were committed within eighteen months of the

7. CRIMINAL LAW:
limitation of
action: election
by State.

finding of the indictment. The only objection lodged against this instruction in the assignment of errors or argument of appellant is that:

"It is in direct conflict with the order of the court and the action of the State fixing the 13th day of February, 1926, as the date relied upon for conviction, and permits the jury to take in a period of eighteen months covering the time before and after February 13, 1926."

We think this objection is based on a misconception of the force and effect of the election of the State. We have already called attention to the form of the election, and to the fact that no objection was made to it. The election was not to rely upon an alleged act of intercourse occurring on a specific day of the month, or on the 13th day of February, but to rely on the last act of intercourse between the parties: that is to say, on the act occurring on that occasion, whenever that might have been. The prosecutrix did not testify that the last act of intercourse was on the 13th day of February, and the election of the State did not require it to establish an act of intercourse on that date; and this is true although it might have been found from the testimony, by a process of computation, that that was the date of the last intercourse testified to by her.

We think that the instruction in question must be construed, so far as the objection now made to it is concerned, simply as requiring that, in order to convict, the jury must find that the occasion of the last act of intercourse was within 18

months prior to the finding of the indictment; and, so construed, it is unobjectionable.

VIII. The court submitted to the jury the question of appellant's guilt or innocence of the crime of rape only, and did not instruct as to any included offenses. Complaint is made of the failure to instruct on assault with intent to commit rape, and on assault.

It is thoroughly well settled by repeated decisions of this court that the failure to instruct on included offenses is not error where the evidence shows that the accused is guilty of the higher offense or of none at all. *State v. Grba,* 196 Iowa 241, and cases there collected. This rule has been applied in a prosecution for rape upon a female under the age of consent where there was no evidence of the use of force by the accused, or that the prosecutrix opposed the act. *State v. Jones,* 145 Iowa 176.

8. INDICTMENT AND INFORMATION: included offenses: absence of evidence: effect.

There was no evidence of the use of any degree of force whatever to overcome resistance of the prosecutrix at any time, or that she opposed any physical resistance to his proposal of intercourse. Although her consent may have been reluctantly given at the commencement of their illicit relations, not this much is even remotely suggested on the occasion of the last act of intercourse, as testified to by her.

In *State v. Jones,* supra, the complaint was, as it is here, of the failure to instruct on assault with intent to commit rape, and we said that there was no error in failing to instruct on any included offense. That holding is controlling here, both as respects assault with intent to commit rape and assault.

IX. The appellant, as a witness in his own behalf, explained his alleged confession of sexual intercourse with the prosecutrix by saying that the words "sexual intercourse" were not used in his conversation with the officers who testified to the confession, but only the word "intercourse," and that he understood that to mean "conversation." Complaint is made that the court did not instruct that appellant must have known and understood the language used by the officers, before the alleged confession would be competent evidence against him. The instructions given appear to have sufficiently covered the point in question, especially in the absence of any request for further instructions.

9. CRIMINAL LAW: trial: instructions: non-requested particularity.

We find no reversible error in the record, and the judgment is—*Affirmed*.

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.