STATE OF IOWA, Appellee, v. JOHN REYNARD, Appellant.

FEBRUARY 7, 1928.

Spence & Beard, V. R. McGinnis, Frank K. Reynard, F. F. Fuller, and A. I. Smith, for appellant.

John Fletcher, Attorney-general, and Neill Garrett, Assistant Attorney-general, for appellee.

EVANS, J.—I. The record is voluminous. Many assignments of error are directed to the overruling of a motion for a change of venue, and to alleged misconduct of the jury. Some important facts which were relied on as grounds for a change of venue have, in the meantime, ceased to exist. One of these facts was the absence of a courthouse at the county seat, where proper trial could be had. Because of this fact, also, there was, at the time of the submission of the case, a dearth of convenience for the accommodation of the jury in its deliberations, and this resulted in some degree of separation of the jury. Such condition has been fully superseded by the completion of a new courthouse. Because our conclusion upon other features of the record will necessitate the remand of the case for a new trial, and because of the material change of conditions referred to, we shall give no attention to the question of change of venue or misconduct of jury.

The defendant was charged with the commission of the offense as of November 1, 1924. The prosecutrix was May Milligan, to whom a child was born in August, 1925. Instruction No. 8, given by the trial court, was as follows:

"You are further instructed that, if you find from the evidence beyond a reasonable doubt that the said May Milligan gave birth to a child on or about August 5th, 1925, and that the

 same was born after the usual and ordinary period of gestation, such birth would establish the fact that the said May Milligan had had sexual intercourse with some man on or about the time claimed by her in her testimony, but it would not tend to connect the defendant with the offense. But if you find beyond a reasonable doubt, *from other evidence than the testimony of the said May Milligan herself, that it was the defendant who had sexual intercourse with her, and that said child is the result of such intercourse, then the birth of such child would be sufficient corroboration of the testimony of the said May Milligan, tending to connect the defendant with the offense,* within the meaning of the law; but such intercourse must be shown by evidence other than the testimony of the said May Milligan herself.''

Complaint is directed to the second paragraph of the foregoing instruction, in that it served no other function than to permit the jury to consider the birth of the child as evidence tending to connect the defendant with its paternity. The fact of the birth of a child has always been held admissible in evidence, as proof of the *corpus delicti.* It has no tendency to prove the connection of the particular defendant with the offense. *State v. Hunt,* 144 Iowa 257; *State v. Davis,* 193 Iowa 651, and authorities therein cited.

The first paragraph of the instruction correctly stated the rule. The effect of the second paragraph was to put the jury upon a circular track. The hypothesis laid down therein ended just where it began. Its premise and its conclusion were identical. An analysis of it resolves it to this: If the jury finds from evidence other than that of prosecutrix that the defendant was the father of the child, then the birth of the child tends to prove *that the defendant was the father thereof.* Manifestly, if the jury finds from evidence other than that of the prosecutrix the paternity of the child, the birth of such child was necessarily proved or implied as an existing condition. If the jury in the first instance made its finding of paternity of the child without consideration of its birth as evidence thereof, what occasion could there be for the consideration of such evidence after the issue was settled without it?

But a more serious objection to this part of the instruction

is that there is no evidence in this record other than that of the prosecutrix, from which a jury could find the paternity of the child or the alleged illicit relations between the defendant and the prosecutrix. The initial error of the instruction was against the State. It was not essential that the evidence of the prosecutrix should be excluded from-the consideration of the jury in their finding of the paternity of the child. It was enough that her evidence be corroborated, within the meaning of the statute. But evidence of the birth was not corroborative on the issue of paternity. Therefore, whether we look at the initial error, which laid an undue burden on the State, or upon the hypothesis which was not justified by the record, the effect of this paragraph was to set the jury upon a false quest. The proper statement of the rule contained in the first paragraph was quite destroyed by the second.

We hold that the hypothesis in question was predicated upon an assumption not justified by the record.

II. The defendant put in issue his good character. Several witnesses testified in support thereof, and none were produced in contradiction. On this subject, he presented a requested instruction No. 4, as follows:

"You are instructed that evidence as to the good character of the defendant should be considered with all of the other evidence in determining his guilt or innocence. If the evidence of  good character is sufficient to generate a reasonable doubt as to the defendant's guilt, he is entitled to an acquittal, even though without proof of such good character the jury would convict. Evidence of good character may be sufficient to generate a doubt as to defendant's guilt and entitle him to an acquittal."

This was refused, and in lieu thereof the court gave on its own motion Instruction No. 15, as follows:

"You are instructed that the defendant has introduced evidence as to his good character prior to April 23, 1925. The jury have a right to consider the same as bearing on the general issue of the defendant's guilt or innocence. It is to be considered upon the theory that men of good character are less likely to commit crime than men of bad character. *It does not rebut the commission of the crime, except by inference, and may be considered by the jury in such light and for such reason.*

"If, from all the evidence in the case, including the evidence as to the good character of the defendant, you have a reasonable doubt of the guilt of the defendant, then you should give him the benefit of such doubt, and acquit him. But if, from all the evidence in the case, including the evidence as to the good character of the defendant, you have no reasonable doubt as to the guilt of the defendant, then you should return a verdict of guilty."

The defendant complains of the refusal of the court to give his requested instruction, and its failure to give its equivalent. The State contends that Instruction No. 15 was the equivalent of the requested instruction, and contained all that the defendant was entitled to. The authorities relied on by the State (*State v. Dunn*, 178 Iowa 868, 877; *State v. Fortune*, 196 Iowa 884, 896) are cases where no request for more specific instructions had been made, and we held that the instructions given sufficiently covered the point, in the absence of such request. It is not disputed that requested Instruction No. 4 contained a proper statement of the law, as we have many times held. It may be conceded, also, that Instruction No. 15, given by the court, barring the sentence above italicized (italics are ours), in the absence of more specific request, was substantially correct, as a statement of law. It was, however, somewhat lacking in specification in the material respect pointed out by the requested instruction. It was material to the defendant that the jury should know that good character might be sufficient to generate a reasonable doubt of guilt. In all cases where we have approved instructions on that subject, it has been upon the ground that they were sufficient to convey to the jury that very meaning. Whether the italicized portion of Instruction No. 15 tended to withhold from the defendant the benefit of the rule is a question upon which we have some doubt. If good character is sufficient to generate a reasonable doubt of guilt, it necessarily tends to rebut guilt, to that extent. For this reason, the correctness of the italicized portion of the instruction is at least debatable. Its approach to error may be readily avoided on a new trial, and we may safely assume that it will be avoided. We pass the question, therefore, without deciding it.

For the reason indicated in Division I hereof, the judg-

ment below is reversed, and the cause remanded for a new trial. —*Reversed and remanded.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.