STATE OF IOWA, Appellee, v. J. W. STEELE, Appellant.

No. 39905.

DECEMBER 13, 1929.

*W. D. Milligan* and *J. W. Morris,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

KINDIG, J.—The State, through an indictment duly returned by the grand jury, charges that the defendant-appellant, ''on or about the first day of December, A. D. 1927, in [Guthrie] county * * * did willfully, knowingly, and feloniously carnally know and abuse Wilma Huitt, a female child then and there under the age of 16 years * * *, the said [appellant] being then and there a male person of the age of more than 25 years.''

It is claimed by the State that the appellant, who was a janitor for a school building at Panora, committed the foregoing offense with the prosecutrix, Wilma Huitt, while she was an assistant janitress. Her services consisted of helping the appellant sweep some of the class rooms. Denial of the accusation was made by the appellant, but the jury accepted the view of the State, and returned a verdict accordingly. Thereupon, the trial court sentenced the appellant to a term of 12 years at hard labor in the Fort Madison penitentiary.

Twenty-eight grounds for reversal are stated by the appellant. Many of these complaints relate to the trial court's action in not permitting appellant to ask the prosecutrix certain questions on cross-examination. Other exceptions are taken, and hereinafter will be discussed. An argument also is predicated upon the theory that the evidence was insufficient to sustain a verdict.

I. For the sake of convenience, the last proposition will receive first attention. To prove its case, the State called the prosecutrix as a witness. She testified that the appellant had sexual  intercourse with her in the basement of the school building at about the time named in the indictment. Thereafter, within the regular period of gestation, the prosecutrix gave birth to a fully developed child. This childbirth indicates that *some* man had sexual intercourse with the prosecutrix.

In order to connect the appellant therewith, and show his guilt, corroboration of the prosecutrix was necessary, notwithstanding the childbirth. *State v. Reynard*, 205 Iowa 220; *State v. Davis*, 193 Iowa 651; *State v. Hunt*, 144 Iowa 257.

Hence, the State, in order to meet such burden, produced two witnesses, for the purpose of corroboration. They were: First, Mary Barcus, a girl 14 years of age, who said that she also assisted appellant in sweeping the schoolrooms, and, while so doing, saw him hug and kiss the prosecutrix; and, second, Leonard Bond, a deputy sheriff, who asserted that, about May 10, 1928, the appellant admitted to him, in the presence of the county attorney, that said relationship did in fact take place with the prosecutrix: that is to say, appellant acknowledged at that time that he had sexual intercourse with Wilma Huitt. So, in view of that evidence, there was corroboration. *State v. Speck*, 202 Iowa 732. Necessarily, then, there was presented a jury question; and, that body having exercised its prerogative in that regard, we cannot interfere with the result.

II. Returning now to appellant's objections because the court limited his cross-examination, it is found his theory seems to be that, if permitted, he could have shown illicit relationship between the prosecutrix and men other than himself. Of course, the crime here charged arises under the statute through sexual intercourse between a male and female when the respective ages are as specified by the legislature.

Sexual intercourse, under such circumstances, constitutes the offense, and if the appellant is guilty thereof, he may be convicted even though other men also had similar relationships with the prosecutrix. Bad moral character, it is  true, when properly proven, may, under the statute, be shown for the purpose of affecting the credibility of witnesses. See Section 11271 of the 1927 Code. But appellant is not contending for that principle at this juncture. Conceding, for argument's sake, said sexual relationship named in the indictment, appellant's idea is, the jury was unduly prejudiced by the State's testimony that the prosecutrix gave birth to a child. Resultantly, to overcome this prejudice, appellant insists he had a right to show that someone other than himself was the child's father. Yet he maintains the alleged right was denied through curtail-

ment of his attempt to cross-examine the prosecutrix. Assuming, without indicating or deciding, that appellant, under the circumstances, was entitled to make such showing, nevertheless a great and sufficient latitude was allowed him while conducting the cross-examination. At all times the prosecutrix maintained that appellant was the only man who ever became unduly familiar with her. Frankly she admitted that, upon occasions, she had been in the company of certain men and boys inquired about by appellant. On the other hand, she steadfastly maintained that her relationships with those men and boys were entirely proper. No evidence appears in the record from which a contrary conclusion can be reached.

While the trial court was liberal with appellant in this regard, yet it was sought to confine inquiries of this kind to the approximate time of the conception aforesaid. Regardless of the court's attempt to thus confine appellant's investigation, questions were asked by him and answers given by the prosecutrix which covered all periods desired by the defense. Consequently, the appellant was not prejudiced in any way.

III. Complaint is also made by appellant because Mrs. Steele, his wife, was not permitted to answer this interrogatory: "Q. Do you know of any reason on your part why you were not capable of bearing more children than you have?" Because of a proper objection made by the State, the court prevented the witness from answering.

Under some circumstances and conditions, it may be shown in a rape case, by competent evidence, that the defendant was impotent. *State v. John,* 188 Iowa 494. Appellant argues that  he sought to show his impotency through an answer to the above-quoted question. Parenthetically, it is noted that Mrs. Steele had already testified to the fact that she and the appellant, her husband, had three children, of whom the youngest was 34 years old. The wife, in October, 1928, was 60 years old, while the appellant had reached the age of 68. Her menopause occurred when she was 45.

Continuing at this place, the witness said:

"I have lived with Mr. Steele as his wife ever since our mar-

riage. We never used any means to prevent conception. I never had any operation.''

Now, in view of those parenthetical facts and the purpose and form of the interrogatory, should the witness have been permitted to answer? Manifestly not, for the witness could only state her inexpert conclusion in reference thereto. Furthermore, there is no basis for complaint, because the appellant has not offered to show what he expected to prove by this witness. What would she have said? Concerning that, the record is silent. Obviously, then, for all the reasons suggested, there is no ground for reversal because of this exception.

IV. A further grievance is predicated upon the trial court's refusal to permit appellant's witness Anna Henderson to answer the following question: ''Did Mr. Duffield come to your home  last night, after you had gone home, and try to talk with you?'' Duffield was the county attorney. Such refusal, just mentioned, came in response to an appropriate objection by the State. Was the court's ruling therefore erroneous in that respect? Clearly not, under this record. Undoubtedly it is proper for the county attorney to communicate with the defendant's witness for legitimate purposes. There is no suggestion that the prosecuting attorney went to the witness's home to wrongfully influence her testimony. Nor does it appear that such official attempted to or did commit any other act unbecoming a lawyer. Here, as before, appellant does not offer to show what the witness's anticipated answer would have been. Misconduct on the part of an official cannot be presumed. Sufficient proof thereof is mandatory, before appellant is entitled to a reversal upon that ground.

V. As a final protest against the action of the district court, it is said by appellant that his sentence is too severe.  Notation will be made again that the court fixed 12 years in the state penitentiary as appellant's penalty. Section 12966 of the 1927 Code contains the following:

''* * * if any person over the age of twenty-five years carnally know and abuse any female under the age of seventeen years, he shall be imprisoned in the penitentiary for life, or any

term of years, not less than five, and the court may pronounce sentence for a lesser period than the maximum, the provisions of the indeterminate sentence law to the contrary notwithstanding."

Judicial discretion was vested in the trial court. In exercise thereof, the maximum penalty was not inflicted. Considering the record here presented, we cannot say that the district court abused its discretion.

Wherefore, the judgment of the district court must be, and hereby is, affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.