STATE OF IOWA, Appellee, v. CLARENCE BELTZ, Appellant.

No. 43915.

MAY 3, 1938.

REHEARING DENIED NOVEMBER 25, 1938.

Harry B. Swan, for appellant.

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, and Roscoe S. Jones, County Attorney, for appellee.

MILLER, J.—On October 6, 1936, the grand jury of Cass County returned an indictment against the defendant, in words and figures as follows, to wit:

"That the said Clarence Beltz, in the County of Cass, State of Iowa, aforesaid, did unlawfully on or about the 16th day of September, A. D. 1936, in Cass County, Iowa, rape, carnally know and abuse Flossie Kloppenburg, she being a female child under the age of 16 years, contrary to the law made and provided, and against the peace and dignity of the State of Iowa."

To this indictment the defendant entered his plea of not guilty, and following trial the jury returned a verdict finding the defendant guilty of the crime of assault with the intent to commit rape. Following the return of the verdict, and the overruling of a motion for new trial, judgment was pronounced by the terms of which the defendant was sentenced to ten years imprisonment in the State Penitentiary, from which judgment defendant appeals.

The prosecutrix Flossie Kloppenburg was at the time of the trial fourteen years of age, and appellant some fifty years of age. Prosecutrix related in detail circumstances in connection with two alleged acts of intercourse between herself and appellant, one of which occurred during the month of September 1936, at a home in the city of Atlantic, known as the Tranmer home. She testified that another act of intercourse took place between herself and appellant about a month after July 4, 1936, in appellant's automobile, near a schoolhouse some distance south and west of the city of Atlantic. According to her testimony, she and two younger sisters, Pearl and Margaret, got into appellant's car in Atlantic, drove with him to the schoolhouse, and upon arriving at the schoolhouse appellant asked the younger sisters to get out of the car, which they did; following which an act was indulged in. In addition to the two instances above set out, prosecutrix testified that she and appellant indulged in five other acts of intercourse, but gave no details as to time or place.

Pearl Kloppenburg, a sister of prosecutrix, age ten years, testified that she, the prosecutrix, and the younger sister, Margaret, all went riding with appellant, that they drove south from Atlantic on a dirt road, and then west to a schoolhouse. She further testified that upon arriving at the schoolhouse she and Margaret got out of the car to play, following which prosecutrix and appellant got out of the front seat of the car and into the back seat; and further testified that she then saw the appellant

get on top of prosecutrix. She further testified that appellant told her and Margaret that if they would not tell he would give each of them a quarter, which he did. Her testimony is somewhat vague as to the time of this occurrence, but she did testify that she believed it was after the 4th of July, 1936.

P. P. Edwards, sheriff of Cass County, testified that he had known appellant for more than eight years; that he had a conversation with appellant about October 1, 1936, at which time appellant was under arrest, and at which conversation were present Mike Carey, Irmen Spence, and Andrew Johnson. In that conversation he asked appellant if he knew what he was charged with, to which appellant replied that he did, and stated, "I did, all right", and wherein appellant stated that he had had sexual intercourse with prosecutrix at least three times, the last time being "about three weeks ago", which he said took place "in his car out in the country, and that the little sisters were along." The witnesses Mike Carey, Andrew Johnson, and Irmen Spence testified to the same conversation as related by the witness Edwards.

Upon the conclusion of the State's testimony, appellant moved "that the State be required to elect which offense or which time they rely upon under this indictment", which motion was sustained, whereupon the State elected to rely upon the transaction at the schoolhouse south and west of Atlantic.

I. Appellant contends that the court erred in allowing prosecutrix and her sister Pearl to testify as to the schoolhouse incident, claiming in support thereof that the indictment was based upon an offense occurring on September 16, 1936, at the Tranmer house in Atlantic. Examination of the indictment reveals that it accuses appellant of the commission of the crime "on or about September 16, 1936", but does not fix the place of the commission thereof other than "in Cass County, Iowa". It is apparent therefrom that the claim of appellant that the charge was based upon an occurrence taking place in the Tranmer home in Atlantic is without merit. As a result we are confronted only with the question of whether or not the admission of this testimony as to the schoolhouse incident the fore part of July 1936, was inadmissible on account of the fact that the indictment fixed the date of the offense as "on or about Sept. 16, 1936". We are not confronted with a situation wherein appellant claims any alibi, and likewise the testimony as to the school-

house incident cannot be claimed to be a surprise. The minutes attached to the indictment contain reference to the schoolhouse incident, on the part of all the witnesses for the State. The law is well settled in this state that the date fixed in the indictment for the commission of a crime is not material, and that a conviction can be returned upon any date within the statute of limitations, if there is no fatal variance between the allegations of the indictment and the proof offered. State v. Kirkpatrick, 63 Iowa 554, 19 N. W. 660; State v. Briggs, 68 Iowa 416, 27 N. W. 358; State v. Speck, 202 Iowa 732, 210 N. W. 913; State v. Sangster, 196 Iowa 495, 192 N. W. 155; State v. Ellington, 200 Iowa 636, 204 N. W. 307. The application of this principle of law to the instant case establishes that this contention of appellant is without merit.

II. Following the election of the State to rely upon the schoolhouse incident, appellant moved the court to strike all the testimony relative to the Tranmer house incident, for the reason that the same was incompetent, immaterial and irrelevant, which motion was overruled, and appellant contends that the overruling thereof constituted error. Citation of authority is not required as to the general rule that evidence of other offenses, distinct from that alleged, may not be received. This general rule, however, is subject to well established exceptions, and in so far as the same applies to the crime of statutory rape, the rule is well quoted in 16 Corpus Juris 608, 609, as follows:

"The general rule that proof of evidence of other crimes is inadmissible does not apply to other acts of sexual intercourse between the parties in statutory rape cases, that is, in prosecutions for rape on a female under age of consent, or on a woman imbecile, even though such other acts constitute separate and distinct crimes.

"Provided they are not too remote in time or otherwise such other acts are relevant and admissible to show the lustful disposition of defendant, as well as to show the existence and continuance of the illicit relation, to characterize and explain the act charged, and to corroborate the testimony of the prosecutrix as to that act.

"Evidence of acts prior to the one charged is quite generally held admissible, and, except in a few jurisdictions, evidence of

subsequent acts is also admissible. * * * Also, except in some jurisdictions, in prosecutions for assault with intent to rape, proof of other acts or assaults is admitted to prove intent or motive.''

An examination of the cases from this court reveals that the law of this state is in accord with the above-quoted statement from Corpus Juris, and that in a prosecution for rape, wherein the female is under the age of legal consent, proof of the repetition of the offense relied upon for conviction is admissible. State v. King, 117 Iowa 484, 489, 91 N. W. 768, 770; State v. Forsythe, 99 Iowa 1, 68 N. W. 446; State v. Gaston, 96 Iowa 505, 65 N. W. 415; State v. Trusty, 122 Iowa 82, 97 N. W. 989; State v. Johnson, 133 Iowa 38, 110 N. W. 170.

In the case of State v. King, supra, defendant was accused of statutory rape, and therein prosecutrix testified that the defendant first had intercourse with her at her home, and that the act was repeated a week or ten days later in a grove. In that action error was assigned for the receiving of evidence of the second offense, and in commenting thereon the following language is used:

''Ordinarily, evidence of other offenses, distinct from that alleged, may not be received; but to this rule there are well-established exceptions. One class of these is explained in State v. Brady, 100 Iowa 191, 69 N. W. 290, 36 L. R. A. 693, 62 Am. St. Rep. 560. Another involves the relation and disposition of the parties toward each other. Thus, in prosecution for adultery and incest, familiarity, and even acts of incontinence, may be proven after, as well as before, the commission of the offense charged. State v. Briggs, 68 Iowa 416, 27 N. W. 358; State v. More, 115 Iowa 178, 88 N. W. 322; State v. Hurd, 101 Iowa 391, 70 N. W. 613.''

This quoted portion is followed by quotations from other jurisdictions, following which the court again states as follows:

''It may be, as contended by appellant, that in most of the cases the proof related to acts preceding the particular offense charged, but in view of the purpose of such testimony to show the relationship and familiarity of the parties, and to corroborate the prosecutrix, we discover no good reason why evidence of acts subsequent to that charged, if in some way connected with

it, may not have as direct a bearing on those occurring before. The weight of authority authorizes similar proof in cases wherein adultery is charged, and, as evidence of other acts is received on precisely the same principle in causes of this character, there is no apparent ground for rejecting such evidence in the one class and receiving it in the other. The disposition toward each other might be quite as potential between parties when the female, though under 15 years of age, voluntarily yields her consent to the intercourse, as in the case of adultery; and we think evidence of repetition of the act so soon after the first offense rightfully admitted. Had the intercourse been against her consent, a different question would arise.''

Appellant in substantiation of this contention cites the case of State v. Vance, 119 Iowa 685, 94 N. W. 204. However, an examination thereof reveals that the same is inapplicable and is not authority for this contention of appellant. In that case the court recognizes and approves the doctrine that evidence of other offenses is competent and admissible to prove intent; but holds that on account of the fact that defendant therein in open court admitted that if the act with which he was charged was done, that the same was done wilfully and designedly and not accidentally or unintentional or through inadvertence, that therefore the admission in evidence of other offenses was improper.

In the instant case the trial court properly instructed the jury as to the limitations to be observed in its consideration of the testimony as to the Tranmer house incident, and in accordance with the established law of this state, we are satisfied that there was no error committed by the court in refusing to strike this testimony.

III. At some point during the trial, following the testimony of prosecutrix and her sister Pearl, and prior to the conclusion of the direct testimony on the part of the state, appellant moved that the State elect upon which of the two offenses it relied; upon which motion the court did not pass, stating: ''This is not the time for a motion of this kind.'' Appellant contends that such action on the part of the court constituted error. Having reached the conclusion that the testimony as to the Tranmer house incident, and the testimony as to the schoolhouse incident, were both properly admissible, we are unable to see

wherein the postponement of the election until the close of the State's testimony can be claimed to have operated to appellant's prejudice. The only Iowa citation called to our attention, wherein a similar contention was involved, is State v. Hurd, 101 Iowa 391, 70 N. W. 613. Therein, there was evidence tending to show acts of intercourse at five different times, covering a period from sometime in 1893 to June 18, 1895. As the different acts were shown, defendant moved the court to require the prosecution to elect on which specific act it would rely for the conviction, which motions were denied until the close of the direct evidence on the part of the State, when the court required such election. This court, in applying the well-settled rules that the State is not limited in its proof to the particular time of the act as charged in the indictment, and that similar acts between the parties may be shown to disclose the relation and disposition of the parties as bearing on the probabilities of the act as charged, held that the discretion of the court was properly exercised in not requiring the election until the close of the direct evidence on the part of the State.

■ IV. Appellant contends that prejudicial error resulted from permitting the witnesses Edwards, Carey, Spence, and Johnson to testify as to the conversation between Edwards and appellant on or about October 1, 1936, for the reason that appellant was not advised of his rights. At the time of the conversation in question appellant had been arrested under a charge of lascivious acts with a child, and during the conversation no statement was made to the effect that he did not have to answer questions or that any statements made by him might be used against him. According to the testimony of all of the State's witnesses in reference thereto, the conversation and statements made by appellant were entirely voluntary. Appellant cites no authority whatever to sustain the contention that evidence is inadmissible showing inculpatory admissions or voluntary confessions by the accused, unless the accused has been cautioned or warned that such admissions or confessions might be used against him. We have no statute in the State of Iowa requiring police officers to warn persons in custody that all statements made by them will be available to the prosecution in the trial of a case. Ordinarily in the absence of such a statute, there is no duty on the part of law-enforcing officers to so caution prisoners, and statements or confessions made without such cautioning

or warning are admissible in evidence. The general rule in reference thereto is stated in 16 Corpus Juris 723 and 724, as follows:

"In the absence of a statute requiring caution or warning, the fact that a voluntary confession was made without accused having been cautioned or warned that it might be used against him does not affect its admissibility."

The sole test in this state as to the admissibility of inculpatory statements or confessions is: Were the same voluntary or not? Appellant in his testimony admitted having a conversation with Edwards at which Carey, Spence, and Johnson were present, but denied making the statement that he had indulged in sexual intercourse with the prosecutrix. In reference to that conversation he testified that Edwards made the following statement:

"If you will confess to this we will make it easier for you, I will be easier on you, and the courts will be easier on you and everybody would."

This testimony on his part is the only testimony that could in any way be construed to question whether or not the entire conversation on the part of the appellant was voluntary. The court, in an appropriate instruction, submitted to the jury the question of whether or not these inculpatory admissions or confessions were voluntary, therein instructing the jury that if they were not made voluntarily that the same should not be considered in any way. In view of this situation we are satisfied that this contention of appellant is without merit.

V. At the close of the testimony on the part of the state, appellant moved the court to direct a verdict in his favor upon the ground, among others, that the state had failed to prove any corroboration of the offense alleged to have been committed at the schoolhouse; which motion was then overruled. This motion was renewed at the close of all the evidence; and again overruled. Appellant contends that this action of the court was error. The law of this state is well settled that the crimes of rape and of assault with intent to commit rape may be established upon the evidence of the prosecutrix alone, and that corroboration is necessary only for the purpose of connecting the accused with the crime. State v. Ralston, 139 Iowa 44,

116 N. W. 1058; State v. Mueller, 202 Iowa 1067, 208 N. W. 360; State v. Speck, 202 Iowa 732, 735, 210 N. W. 913, 914.

In the instant case, we are satisfied that the evidence of appellant's admission, that he had indulged in intercourse with prosecutrix at least three times, furnished ample corroboration connecting him with the commission of the crime. According to this evidence appellant admitted that his last act of intercourse with prosecutrix was about three weeks prior to that conversation, that it took place in his car out in the country, and that the little sisters were along. That admission clearly corresponds with the testimony of the prosecutrix as to the schoolhouse incident, except as to the time thereof. Although this admission does not fix the time thereof to be the same as testified to by prosecutrix, it does tend to connect him with the commission of the offense at the schoolhouse. In the case of State v. Speck, supra, where a similar contention was made, this court uses the following language:

"It is insisted that there is no corroboration, such as is required, of the testimony of the prosecutrix as to the act of intercourse upon which the State elected to rely.

"It is well settled that the fact that the crime of rape has been committed by someone may be established by the testimony of the prosecutrix alone. State v. Robinson, 170 Iowa 267, 152 N. W. 590; State v. Kessler, 189 Iowa 567, 178 N. W. 513. The corroboration required by the statute, section 13900, Code of 1924, is such as tends to connect the accused with the commission of the offense. The evidence of appellant's admission that he had had intercourse a number of times with the prosecutrix during the time, and at the place where, she testified such acts occurred, clearly tended to connect him with the commission of the last act of such intercourse, although his admission did not specifically refer to the date on which her testimony and that of other witnesses would indicate such last act had occurred. State v. Johnson, 133 Iowa 38, 110 N. W. 170; State v. Hetland, 141 Iowa 524, 119 N. W. 961, 18 Ann. Cas. 899."

Likewise, in this connection it is to be recalled that the testimony of Pearl Kloppenburg furnishes absolute corroboration of the schoolhouse incident. While her testimony is severely attacked on account of her age and claimed inconsistencies there-

in, her credibility as a witness and the weight of her testimony were all proper matters for the jury.

VI.  Appellant complains of the court's failure to instruct the jury upon the included offenses of assault and battery, and simple assault. The testimony introduced upon the part of the State was all to the effect that the indulgences by prosecutrix were entirely voluntary; that no force or threat of force was used by appellant; and that there was no resistance whatever upon the part of prosecutrix. In view of that situation of the record, it would have been improper to submit the included offenses of assault and battery, and simple assault. State v. Hoaglin, 207 Iowa 744, 223 N. W. 548; State v. Blair, 209 Iowa 229, 223 N. W. 554; State v. Ingram, 219 Iowa 501, 258 N. W. 186.

VII.  Appellant also contends that the imposition of a ten-year sentence was excessive and arbitrary, but in support of said contention makes no claim whatever of any excuse or extenuating circumstance to mitigate his own delinquencies; but bases this contention solely upon the fact that prosecutrix was a delinquent child. From her testimony we ascertain that she had indulged in sexual intercourse repeatedly with various men for a period of two years preceding the trial, and that in 1933 she was afflicted with some disease, the nature of which is not revealed, which kept her at her home for a period of five weeks. The statutes of this state, Code 1935, §12966 in so far as they relate to carnal knowledge of a female under the age of sixteen years, make no distinction based upon chastity, or the lack thereof, on the part of the prosecutrix. In view of this situation, we are not strongly impressed by a contention that leniency should be extended to a violator who offers no excuse whatever for his own delinquencies, but asks leniency solely because of the delinquencies of a twelve-year-old child. The statute, in providing the penalty for the crime of which appellant was convicted, provides for imprisonment for a term of not to exceed twenty years, granting to the court the privilege of pronouncing sentence for a lesser period than the maximum. The effect thereof is to grant to the court a wide range of discretion in imposing penalties, which discretion should not be interfered with on appeal, except in a clear case of the abuse thereof. Under the facts in this case we do not feel that this discretion was abused in the imposition of a ten-year sentence.

166

Appellant also contends that errors were committed in rulings upon the admission of certain testimony, which have all been thoroughly examined by us and found to be without merit.

Being satisfied that there was no reversible error committed during the trial of this action, and that the court did not abuse its discretion in imposing the penalty herein, it follows that this case must be and the same is hereby affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, SAGER, HAMILTON, DONEGAN, and KINTZINGER, JJ., concur.